# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| AMERICAN PROTEINS, INC., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:22-cv-00091-RWS |
| RIVER VALLEY INGREDIENTS, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Darling Ingredients, Inc., c/o its Registered Agent C T Corporation System
             289 S Culver St, Lawrenceville, GA, 30046-4805, USA

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          "SEE ATTACHMENT A"

| Place: Holland & Knight LLP | Date and Time: |
|---|---|
| 1180 West Peachtree Street NW, Suite 1800 Atlanta, GA 30309 | 07/20/2023 10:00 am |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/06/2023

|              *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Cynthia Burnside |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Plaintiffs___
_____ , who issues or requests this subpoena, are:

Cynthia Burnside, Holland & Knight LLP, 1180 W. Peachtree St, Ste 1800, Atlanta, GA 30309, (404) 817-8500, cynthia.burnside@hklaw.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:22-cv-00091-RWS

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                                            *Server's signature*

                                               _____

                                                            *Printed name and title*

                                               _____

                                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE "A"

## DEFINITIONS

When used in these Requests and the Instructions, the following terms shall have the meanings herein assigned unless the context clearly requires another construction.

1.     "Document" or "Documents" shall mean, without limitation, every writing or record of every type or description that is or has been in the possession, custody, or control of the party responding to these Requests or of which the party responding to these Requests has knowledge, including, without limitation, correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, videotapes, voice records, maps, graphs, reports, surveys, minutes, statistical compilations, electronic mail, computer disks, tapes, or other computer data storage devices; every copy of such writing or records where the original is not in the possession, custody, or control of the party responding to these Requests; and each and every copy of each such writing or record where such copy is not an identical copy of an original or where such copy contains any commentary, notation, or marginalia that does not appear on the original writing or record.

2.     "Concerning" includes referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing,

showing, describing, reflecting, analyzing, or constituting.

3.      A document "relating," "related," or "which relate(s)" to any given subject means any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to, deals with, bears upon, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

4.      "Plaintiffs" shall refer to individually and collectively to "American Proteins, Inc. n/k/a Crossroads Properties A, Inc.," "Ampro Products, Inc. n/k/a Crossroads Properties B, Inc.," and "Georgia Feed Products Company, L.L.C. n/k/a Crossroads Properties C, LLC".

5.      "Defendants" shall refer to individually and collectively to "River Valley Ingredients, LLC," "Tyson Poultry, Inc.," and "Tyson Farms, Inc."

6.      As used herein, "You," and "Your" shall mean Darling Ingredients, Inc., and its agents, attorneys, assigns, and other persons acting on its behalf or at their direction.

7.      As used herein, "Complaint" or "Plaintiffs' Complaint" shall refer to the pleading filed on record in this action by Plaintiff on or about May 11, 2022, in the United States District Court for the Northern District of Georgia, Atlanta Division, and any future supplements or amendments thereto.

8.      As used herein, the "Market" shall refer to the poultry rendering market

in Georgia, Alabama, north Florida, and south Tennessee.

9.      "Closing" shall mean August 20, 2018 — the date on which Plaintiffs and Defendants executed Asset Purchase Agreement.

10.    "Communicate" or "Communication(s)" means any transmission, exchange, or making known of information or thoughts by oral, written, pictorial, or other means, including, but not limited to, personal conversations, conferences, telephone conversations, memoranda, letters, correspondence, reports and publications, and shall include, but shall not be limited to, any means of conveying a message, thought, or idea from one or more persons to one or more persons, including, but not limited to, electronic mail, and shall be given the broadest possible interpretation.


11.    "Lawsuit" shall mean the current litigation in which You are receiving these Requests with case style *American Proteins, Inc. d/b/a Crossroads Properties A, Inc., et al. v. River Valley Ingredients, et al., LLC*, No. 22-CV-00091 (N.D. Ga.).

12.    The term "person" or "persons" shall mean a natural person or an artificial person, including, but not limited to, corporations, limited liability companies, partnerships, associations, joint ventures, government agencies or entities, or any other cognizable entity or organization.

13.    "Rendering Facilities" shall mean the poultry rendering facilities previously owned by Plaintiffs and transferred pursuant to the APA at Hanceville, Alabama, Cumming, Georgia, Alma, Georgia, and Cuthbert, Georgia.

14.    "Raw Material Supply" shall refer to any poultry materials supplied by any poultry processor to be used by a poultry renderer for any purpose.

15.    "Poultry Rendering Output" shall refer to any output resulting from the poultry rendering process, including but not limited to poultry meal, poultry by-product meal, feather meal, meat and bone meal, whole meal, blood meal, fats, tallow, oils, or any other non-human consumable protein in any form.

## **INSTRUCTIONS**

A.    In responding to these Requests, please furnish all documents that are available to you, including, but not limited to, information that is in the possession of your agents, representatives, investigators, and, unless privileged or otherwise protected, your attorneys and your attorneys' agents, employees, representatives, or investigators.

B.    To the extent you withhold any document requested on a claim of privilege, please produce a privilege log which:

  i.    identifies each such document by stating (i) the type of document, (ii) its general subject matter, (iii) the date of the document, and (iv) the

identity of each person who prepared, signed, or participated in the preparation of the document, as well as each addressee and recipient;

ii.   states the precise nature of the privilege claimed;

iii.   states the basis for the privilege claimed relative to the specific information contained in the document; and

iv.   state all facts contained within the document, deleting only opinions, theories, mental impressions, and non-factual statements.

C.   Any copy of a document on which any notation, addition, alteration, or change (including any marginalia) has been made is to be treated as constituting an additional original document and you are required to produce the same.

D.   As to the manner of production, the documents shall be organized for production as they are kept in the usual course of business or they shall be organized and labeled or numbered so as to correspond with these Requests.

E.   If any document requested is no longer in your possession, custody, or control, or is unobtainable by you, then you must provide an explanation of why the document is no longer in your possession, custody, or control and identify its current location; the date the document was last in your possession, custody, or control; the current custodian of the document; the title, length, and type of document (e.g., notes, report, etc.) and the subject matter and contents of the document; and an explanation of your attempts to obtain the document.

F.     These Requests are to be deemed continuing in nature and any subsequently discovered information or documents responsive to these Requests shall be produced immediately upon your learning of such information or documents.

G.     If any document was, but is no longer, in Your possession, custody or control, provide the following information:

    i.     identify the document;

    ii.     state the disposition of the document and the date such disposition was made;

    iii.     identify the present custodian of the document and state his address or, if the document no longer exists, so state; and

    iv.     identify the person who made the decision regarding the disposition of the document.

H.     All documents that exist in electronic format shall be produced in the format in which they are maintained, including all meta-data, unless the parties agree to an alternative means of production.

I.     The terms "and" and "or" shall be construed conjunctively or disjunctively; the past tense shall be construed to include the present tense, and vice versa; and the singular shall be construed to include the plural, and vice versa; all to

bring within the scope of the request all responses that otherwise might be construed outside of its scope.

J.     Unless otherwise expressly stated, the timeframe for each of the Requests is January 1, 2014, to the present.

K.     A copy of the Protective Order entered by the Court in this Litigation is enclosed with these Requests as Exhibit 1.  You may mark documents Confidential or Highly Confidential pursuant to Paragraph 11 of the Protective Order.

<u>**DOCUMENTS REQUESTED**</u>

1.      Transactional data, in a machine-readable form agreed upon by You and the Plaintiffs, for all transactions involving the sale of Raw Material Supply for poultry rendering from January 1, 2014 to the present.

2.      Transactional data, in a machine-readable form agreed upon by You and Plaintiffs, for all transactions involving the purchase of Poultry Rendering Outputs from January 1, 2014, to the present.

3.      Lookup tables, data dictionaries, or glossaries for all coded fields in transactional data, including but not limited to all fields present in the lookup fields or data dictionaries relating to the transactional data specified in Request Nos. 1-2 from January 1, 2014, to the present.

4.      Your internal and public annual, quarterly, and monthly financial statements, summaries, forecasts, business plans, budgets, and analyses concerning Raw Material Supply and Poultry Rendering Outputs, including profit and loss statements and comparisons to budget from January 1, 2014, to the present.

5.      All communications between You and Defendants.

6.      All communications between You and any entity about Defendants.

7.      All communications between You and any other, poultry renderer, poultry processor, or any other entity regarding the potential or actual acquisition and/or operation by Defendants of a rendering facility within the Market.

8.      All documents relating to any industry trade group or association meeting in which Defendants were discussed between January 1, 2017 to present.

9.      All internal and external communications related to Your contracts and related negotiations with Defendants.

10.     All documents reflecting internal or external communications regarding this Lawsuit.

11.     All internal and external communications regarding pricing and output volumes of Raw Material Supply and Poultry Rendering Output after Closing.

12.     All documents reflecting contracts, agreements, purchase orders, or other arrangements of any kind between You and Defendants from January 1, 2014, to the present limited to the Market.

13.    All documents reflecting contracts, agreements, purchase orders, or other arrangements of any kind between You and any Poultry Processor in the Market from January 1, 2014, to the present.

14.    All documents concerning any research, report, survey, study, or analysis of pricing, price levels, output volumes, competitive conditions, or market conditions related to Raw Material Supply and Poultry Rendering Outputs from January 1, 2014, to the present.

15.    All documents concerning Poultry Rendering industry trends, including but not limited to, trade articles, reports, and studies.

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., AMPRO PRODUCTS, INC. n/k/a CROSSROADS PROPERTIES B, INC., GEORGIA FEED PRODUCTS COMPANY, L.L.C. n/k/a CROSSROADS PROPERTIES C, LLC, | ) ) ) ) ) ) ) | |
| | ) | C.A. No. 2:22-cv-00091-RWS |
| Plaintiffs, | ) ) | **TRIAL BY JURY DEMANDED** |
| v. | ) ) | |
| RIVER VALLEY INGREDIENTS, LLC, TYSON POULTRY, INC., and TYSON FARMS, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned action (the "Litigation") will engage, or are engaged, in discovery proceedings, which may include, among other things, producing documents, responding to written discovery requests, and taking depositions; and

WHEREAS, those discovery proceedings may involve the production of certain information that one or more of the parties to the Litigation (collectively the

1

145688917

"Parties," and each a "Party") believe to be confidential and sensitive commercial, financial, or business information;

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Protective Order will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests for admissions, and responses to requests for documents and electronically stored information, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1.      Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Protective Order if such Producing Party in good faith and reasonably believes that such Discovery Material contains a trade secret or other nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Protective Order ("Confidential Discovery Material"). Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Protective Order if such Producing Party in good faith reasonably believes that

145688917

such Discovery Material contains a trade secret or other non-public confidential business, strategic, proprietary or commercially sensitive information and that the disclosure of such Discovery Material, other than as permitted pursuant to Paragraph 6 of this Protective Order, is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery Material").

    2.    The designation of Discovery Material as Confidential or Highly Confidential Discovery Material shall be made in the following manner:

    (a) In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" or "Highly Confidential" need only be stamped on the first page of the document in order for the entire document to be treated in accordance with its designation; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (e.g., CD-ROM, DVD flash drive) as applicable.

145688917

(b) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within five (5) business days of receipt of the rough or final transcript (whichever is received first) designating the entire transcript or portions thereof; provided that only those portions of the transcript designated as Confidential or Highly Confidential Discovery Material shall be deemed Confidential or Highly Confidential Discovery Material. All depositions and other pretrial testimony will be deemed to be Highly Confidential Discovery Material until the expiration of the 5th business day after counsel receive a copy of the rough or final transcript (whichever is received first), after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

(c) In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Highly Confidential Discovery Material, as applicable.

145688917

3.      The designation of Discovery Material as Confidential or Highly Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation.

4.      Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected promptly upon discovery of such failure.  A Producing Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential Discovery Material, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential or Highly Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2. The Party making the designation shall mark and replace previously supplied Discovery Material.  Upon receiving notice of the inadvertent failure to designate, the Parties shall thereafter treat the Discovery Material so designated as Confidential or Highly Confidential Discovery Material, and such Discovery Material shall be fully subject to this Protective Order from the date of such supplemental notice forward.  The Party receiving such notice shall make a

5

reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential or Highly Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material before its designation as Confidential or Highly Confidential Discovery Material shall exercise its best efforts to ensure (i) the return or destruction of such Discovery Material by any person not authorized to receive the Confidential or Highly Confidential Discovery Material under the terms of this Protective Order, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential or Highly Confidential Discovery Material when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Protective Order, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 10 of this Protective Order.

5. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in accordance with this Protective Order:

145688917

(a) The Parties and the present and former directors who were in that position within three years leading up to the August 20, 2018 close of the transaction, present and former officers who were in that position within three years leading up to the August 20, 2018 close of the transaction, general partners, limited partners, managers, members, and employees of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

(b) Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

(c) Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

145688917

(d) Subject to Paragraph 9, witnesses or deponents, who in good faith are believed to have had prior access to or have personal knowledge of the information, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this Litigation;

(e) Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata); any person indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party; or, in the case of meeting minutes and presentations, an attendee of the meeting;

(f) Professional vendors and mock jurors retained by counsel for a Party to whom it is reasonably necessary to disclose the information for these actions and who agree to maintain the confidentiality of such Confidential Discovery Material;

(g) The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

8

(h) Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

6.     Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in connection with the Litigation and in accordance with this Protective Order:

(a) Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, counsel associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

(b) Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

145688917

(c)  Subject to Paragraph 9, witnesses or deponents, who in good faith are believed to have had prior access to or have personal knowledge of the information, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this Litigation;

(d)  Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, (or indicated as a blind copy recipient in such document/communication's metadata); any person indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party; or, in the case of meeting minutes and presentations, an attendee of the meeting;

(e)  Professional vendors and mock jurors retained by counsel for a Party to whom it is reasonably necessary to disclose the information for these actions and who agree to maintain the confidentiality of such Highly Confidential Discovery Material;

(f)  The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

10

(g) Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Highly Confidential Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

7.  Subject to Paragraph 2, to the extent that testimony is sought concerning Confidential or Highly Confidential Discovery Material during any deposition or in any other pretrial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Protective Order.

8.  Notwithstanding Paragraph 5(C) and 6(B), Confidential or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of any known Competitor (as defined below) or potential transaction counterparty of the Producing Party designating the Confidential or Highly Confidential Discovery Material, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential or Highly

11

Confidential Discovery Material pursuant to the terms of this Protective Order; and further provided that such expert or consultant agrees to be bound by the terms of this Protective Order by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining and retaining such signed undertaking before provision of the Confidential or Highly Confidential Discovery Material to such expert or consultant.  Under no circumstances shall an expert or consultant who is a Competitor of the Producing Party, or who is providing services to any Competitor of the Producing Party, be provided access to Confidential or Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party.  "Competitors" are persons or entities who are engaged in the business of poultry rendering as suppliers or customers.

9.     Notwithstanding Paragraph 5(D) and 6(C), Confidential or Highly Confidential Discovery Material may be provided to persons listed therein only after (i) such persons confirm their understanding and agreement to abide by the terms of this Protective Order by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by

145688917

the terms of this Protective Order.  Counsel for the Party showing Confidential or

Highly Confidential Discovery Material to any person required to execute an

undertaking pursuant to this paragraph shall be responsible for obtaining and

retaining such signed undertaking before the provision of such Highly Confidential

Discovery Material to such person.

10.    Confidential or Highly Confidential Discovery Material shall be used

solely for purposes of this Litigation and shall not be used for any other purpose,

including, without limitation, any business or commercial purpose; provided,

however, that the foregoing shall not apply to Confidential or Highly Confidential

Discovery Material that is or properly becomes part of the public record; and

further provided that the restrictions on the use of Confidential Discovery Material

may be modified for good cause shown.

11.    Every person to whom Confidential or Highly Confidential Discovery

Material is disclosed, summarized, described, characterized, or otherwise

communicated or made available, in whole or in part, shall be advised that the

information is being disclosed pursuant and subject to the terms of this Protective

Order and may not be disclosed or used for purposes other than those permitted

hereunder. Each such person shall maintain the Confidential or Highly

Confidential Discovery Material, or information derived therefrom, in a manner

145688917

reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Protective Order and notify the non-Party that the protections of this Protective Order are available to such non-Party.

12.     Any documents (including briefs), tangible things, or information designated as Confidential or Highly Confidential (a "Confidential Filing") that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in section IId. of the Court's Standing Order Regarding Civil Litigation for Filing Documents Under Seal.

13.     During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material as Confidential or Highly Confidential Discovery Material may challenge such designation. After written notice of each designation that the Party is challenging, the Parties shall confer directly and attempt to resolve each challenge in good faith. If the Parties are unable to resolve a challenge without Court intervention, the challenging Party may move for an Order vacating the designation. While such a motion is pending, the Discovery Material in question shall be treated as Confidential or Highly Confidential

14

Discovery Material pursuant to this Protective Order. The provisions of this Protective Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential or Highly Confidential Discovery Material, which burden remains on the Producing Party that designates such Discovery Material as Confidential or Highly Confidential Discovery Material.

14.     The Parties reserve the right to apply, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Protective Order. The Parties agree to meet and confer in good faith prior to moving the Court for any modifications or additional safeguards.

15.     Entering into this Protective Order, or agreeing to and/or producing or receiving Discovery Material (regardless of confidentiality designation, if any) or otherwise complying with the terms of this Protective Order, shall not:

(a) Prejudice in any way the rights of any Party to (i) seek production of documents or information the Party considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

145688917

(b) Operate as an admission by any Party that any Discovery Material constitutes Confidential or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

(c) Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential or Highly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material (regardless of confidentiality designation, if any) should be subject to the terms of this Protective Order;

(d) Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any Discovery Material;

(e) Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(f) Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

(g) Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege immunity or protection.

145688917

16.     This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Confidential or Highly Confidential Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

17.     If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity; provided further:

(a) If a claim of inadvertent production is made pursuant to this Protective Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed

Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

(b) A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; may retain a copy of the material on an attorney's-eyes-only basis for the purpose of bringing such a motion; and may present the material to the Court under seal for a determination of the claim; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

145688917

18.     Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

19.     In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be bound fully by this Protective Order.

20.     The Parties agree to be bound by the terms of this Protective Order pending the entry by the Court of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

21.     The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom.

22.     In the event that any Confidential or Highly Confidential Discovery Material is used in open court during any court proceeding or lodged as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any

145688917

court proceeding in which Confidential or Highly Confidential Discovery Material
is to be used, counsel for the Parties shall confer in good faith on such procedures
that may be necessary or advisable to protect the confidentiality of any such
Confidential or Highly Confidential Discovery Material.

23.     Within sixty (60) days after receiving notice of the entry of an order,
judgment, or decree finally disposing of this Litigation, or any other proceeding in
which Confidential or Highly Confidential Discovery Material is permitted to be
used, including the exhaustion of all possible appeals, and upon the written request
of the Producing Party, all persons having received Confidential or Highly
Confidential Discovery Material shall either (i) make a good-faith and reasonable
effort to return such material and all copies thereof (including summaries, excerpts,
and derivative works) to counsel for the Producing Party; or (ii) make a good-faith
and reasonable effort to destroy all Confidential or Highly Confidential Discovery
Material, and if so requested, to certify to that fact in writing to counsel for the
Producing Party. However, counsel for the Parties shall be entitled to retain court
papers, deposition and trial transcripts, and litigation files (including attorney work
product and discovery material containing Confidential or Highly Confidential
Discovery Material), provided that such counsel, and employees of such counsel,
shall maintain the confidentiality thereof and shall not disclose such court papers,

20

correspondence, pleadings, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential or Highly Confidential Discovery Material), to any person except pursuant to a court order, agreement by the Producing Party, or as otherwise required by law. For purposes of this Paragraph, good faith reasonable efforts to return or destroy material need not include destroying Discovery Material residing on back-up tapes or other disaster recovery systems, so long as the person who has received such Discovery Material maintains the confidentiality of such material. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

24.     If any person subject to this Protective Order in possession of Confidential or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential or Highly Confidential Discovery Material produced or designated by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three (3) business days, at least twenty-four (24) hours prior to the deadline for a

21

response to the Demand), identifying the Confidential or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential or Highly Confidential Discovery Material on the grounds of the existence of this Protective Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential or Highly Confidential Discovery Material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential or Highly Confidential Discovery Material will not constitute a violation of this Protective Order.

25. No Receiver shall reveal any Confidential or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential or Highly Confidential Discovery Material under the terms of this Protective Order. In the event that Confidential or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, or that any information comes to the

22

Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential or Highly Confidential Discovery Material by each unauthorized person who receives the information.

26.     The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Protective Order.

SO ORDERED this 6th day of Feb., 2023.

Richard W. Story
United States District Judge

145688917

23

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AMERICAN PROTEINS, INC. n/k/a )
CROSSROADS PROPERTIES A, )
INC., AMPRO PRODUCTS, INC. n/k/a )
CROSSROADS PROPERTIES B, )
INC., GEORGIA FEED PRODUCTS )
COMPANY, L.L.C. n/k/a )
CROSSROADS PROPERTIES C, LLC, )   C.A. No. 2:22-cv-00091-RWS
)
Plaintiffs, )   **TRIAL BY JURY DEMANDED**
)
v. )
)
RIVER VALLEY INGREDIENTS, )
LLC, TYSON POULTRY, INC., and )
TYSON FARMS, INC., )
)
Defendants. )
_____ )

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have read the Protective Order in the above-captioned action (the

"Protective Order").  I understand its terms and agree to be fully bound by them,

and I hereby submit to the jurisdiction of the Northern District of Georgia for

purposes of enforcement of the Protective Order.  I further agree not to disclose or

use any Confidential or Highly Confidential Discovery Material (as defined in the

Protective Order) for purposes other than those permitted under the Protective

Order.

145688917

_____

Signature

_____

Name

_____

Title

_____

Affiliation

_____

Date

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AMERICAN PROTEINS, INC. n/k/a )
CROSSROADS PROPERTIES A, )
INC., AMPRO PRODUCTS, INC. n/k/a )
CROSSROADS PROPERTIES B, )
INC., GEORGIA FEED PRODUCTS )
COMPANY, L.L.C. n/k/a )
CROSSROADS PROPERTIES C, LLC, )   C.A. No. 2:22-CV-00091-RWS
                               )
       Plaintiffs, )
                               )
v. )
                               )
RIVER VALLEY INGREDIENTS, )
LLC, TYSON POULTRY, INC., and )
TYSON FARMS, INC., )
                               )
       Defendants. )
                               )
_____ )

## <u>AFFIDAVIT OF CUSTODIAN OF RECORDS</u>

Before me, the undersigned authority personally appeared
_____, who being duly sworn by me deposed as follows:

1.   **Authority.**   I am a duly authorized custodian of the records of
**Darling Ingredients, Inc.** ("Company") with authority to certify to the authenticity
and accuracy of the records produced with this affidavit.

2.   **Records.**   The records produced herewith by this Company are original
documents or are true copies of records of a regularly conducted business activity
that:

      a.   Were made at or near the time of the occurrence of the matters
           set forth, by a person with knowledge of those matters;

      b.    Were made and kept in the course of the regularly conducted business activity by Company personnel or by persons acting under their control; and

      c.    Were made and kept by the corporation as a regular practice, at or about the time of the act, condition, or event recorded.

3.    **<u>Production.</u>**

☐    The records produced herewith constitute a complete production under the terms of the subject request, order, or subpoena as subsequently limited by the issuer.

— **OR** —

☐    A thorough search has been conducted and no records could be located that are responsive to the subject request, order, or subpoena.

Date: _____

Signature: _____

Print Name: _____

The above-named Company's officer and/or custodian of records is known to me or satisfactorily proven to be the person who subscribed to the within document and acknowledged to me that he/she executed the same for the purposes stated therein.

_____ Signer is personally known to me.

_____ Signer has produced the following identification: _____.

In witness thereof I have set my hand and official seal this _____ day of _____, 2023.

_____
Signature of Notary Public

State of _____

City of _____

County of (if applicable) _____

My Commission Expires _____