# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., et al., <br><br> Movants, <br><br> v. <br><br> MARS PETCARE US, INC., <br><br> Respondent. | Case No. |
| AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> RIVER VALLEY INGREDIENTS, INC., et al., <br><br> Defendants. | Underlying action pending in the <br><br> U.S. District Court for the Northern District of Georgia <br><br> C.A. No. 2:22-cv-00091-RWS |

## API'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

Movants American Proteins, Inc. n/k/a Crossroads Properties A, Inc.; AMPRO Products, Inc. n/k/a Crossroads Properties B, Inc.; and Georgia Feed Products Company, L.L.C. n/k/a Crossroads Properties C, LLC (collectively "American Proteins"), by and through undersigned counsel, respectfully move this Court to enforce a subpoena served on Respondent Mars Petcare US, Inc. ("Mars") and assert the following in support thereof:

1. In a $2 billion antitrust case filed in the Northern District of Georgia against Tyson Poultry, Inc.; Tyson Farms, Inc.; and River Valley Ingredients, LLC (collectively, "Tyson") involving *per*

1

*se*, monopoly, and conspiracy violations of the Sherman Act, American Proteins served a subpoena on Mars after prevailing on a motion to dismiss in Georgia action and receiving the Court's approval to conduct party and non-party discovery.

2. In it, American Proteins seeks documents fundamental to its antitrust claims, including structured data representing Mars' purchase prices and supply volumes of the relevant products, contracts and negotiation documentation, communications about American Proteins and Tyson, and market and financial analyses reflecting the impact of and response to Tyson's anticompetitive conduct.

3. Local Rule 37.01 requires that, prior to the filing of discovery motions, the parties must "confer in good faith in an effort to resolve by agreement the issues raised." L.R. 37.01.

4. Following several meet-and-confers and letters between American Proteins' and Mars' counsel, and despite American Proteins' offers to narrow the requested information, Mars has refused to produce even a single document in response to this lawful subpoena.

5. Instead, Mars has asserted shotgun, boilerplate objections to each and every request in the subpoena.

6. As one of Tyson's largest customers relevant to American Proteins' claims, Mars stands particularly well-suited to produce the requested documents and lacks any recognized basis to excuse non-compliance.

7. As required by Local Rule 7.01, the undersigned certifies that counsel for American Proteins has conferred with counsel for Mars regarding this Motion and is informed that Mars will oppose the relief requested in this Motion.

8. For these reasons and those set out in American Proteins' accompanying Memorandum of Law, the Court should compel Mars to produce all categories of documents responsive to

American Proteins' subpoena as narrowed during the meet-and-confer discussions and laid out in American Proteins' contemporaneously filed Memorandum of Law.

Dated: November 28, 2023

> */s/ Paul S. Davidson*
> **HOLLAND & KNIGHT LLP**
> Paul S. Davidson
> 511 Union Street, Suite 2700
> Nashville, TN 37219
> Tel: (615) 850-8942
> Email: paul.davidson@hklaw.com

## CERTIFICATE OF SERVICE

I, Paul S. Davison, hereby certify that on this day, November 28, 2023, I served the forgoing Motion to Compel Compliance with Subpoena on all Parties to this action by filling it on this Court's CM/ECF system and by email.

> */s/ Paul S. Davidson*
> Paul S. Davidson