# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., et al.,<br><br>    Movants,<br><br>**v.**<br><br>DARLING INGREDIENTS INC.,<br><br>    Respondent.<br><br>-----------------------------------------------<br><br>AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>RIVER VALLEY INGREDIENTS, LLC, et al.,<br><br>    Defendants. | Civil Action No. 2:22-CV-00091-RWS |

**NON-PARTY DARLING INGREDIENTS INC.'S SECOND MOTION TO QUASH OR, IN THE ALTERNATIVE, MOTION FOR <u>ORDER COMPELLING PRODUCTION</u>**

## I. INTRODUCTION

Non-Party Darling Ingredients, Inc. ("Darling") is forced to file this Second Motion to Quash or, in the Alternative, Motion for Order Compelling Production because of Plaintiffs' attempt to play an eleventh-hour game of "gotcha."

For more than **ten months**, Plaintiffs represented to Darling that they would discuss the extent to which they would reimburse Darling for the significant fees, costs, and expenses (the "Significant Expenses") it has incurred in complying with Plaintiffs' unduly broad and burdensome subpoena—which now exceed $175,000— once Darling completed its production (but no sooner). Darling understood that Plaintiffs sought to delay discussing reimbursement of its Significant Expenses until its production is complete because, until that time, the full extent of the Significant Expenses would be unknown.

Yesterday, with full knowledge that Darling planned to make its ESI production in the coming days, Plaintiffs disclosed **for the first time** their (incorrect) position that Darling is not entitled to recover **any** of its Significant Expenses under Rule 45(d)(2)(B) unless Darling is ordered to make a production by this Court. Under Plaintiffs' newly disclosed position, if Darling makes its production as planned, Darling is somehow forfeiting its right to recover its Significant Expenses under Rule 45(d)(2)(B) and, consequently, can only recover its Significant Expenses **by seeking sanctions** against Plaintiffs under Rule 45(d)(1).

1

While Darling disagrees with Plaintiffs' position, in an abundance of caution, Darling files this Motion to obtain the Order that Plaintiffs claim Darling needs to preserve its right under Rule 45(d)(2)(B) to reimbursement for its Significant Expenses.

To be clear, Darling's position is and always has been that parties should work together to reach compromises that avoid motions practice and obviate the need for the Court to issue discovery orders. That is what the Federal and Local Rules contemplate, and that is precisely what Darling has done. Darling conferred in good faith and reached a compromise that required it to conduct a far broader search and review than it believes is appropriate to avoid further time, disruption, and expense on motions practice. And, consistent with that compromise, Darling now stands ready, willing, and able to make its production.

By contrast, Plaintiffs now contend that a non-party can only preserve its right to recover fees and expenses under Rule 45 (absent a sanction) by being litigious and making the Court and parties spend time and resources on discovery disputes.

In light of Plaintiffs' newfangled position, Darling has no choice but to ask this Court to spend time and resources to enter an Order compelling Darling to respond to the Subpoena. This, of course, only shows the absurdity of Plaintiffs' position, which is essentially that a non-party that cooperates with a Subpoena forfeits its right to recover its fees and expenses, while a non-party that stubbornly

refuses to produce documents is rewarded with reimbursement.

It is worth nothing that had Plaintiffs disclosed their position many months ago, Darling could have obtained the purportedly needed Order (i) in response to Plaintiffs' motion to compel; (ii) in connection with Darling's motion to quash; or (iii) in connection with the many status updates the parties have been providing. Instead, Plaintiffs waited until now apparently with the intent of springing this position on Darling when it was too late for Darling to address the issue. Such gamesmanship should not be rewarded, particularly when dealing with a non-party that has been cooperative throughout this process.

## II.   RELEVANT BACKGROUND AND ARGUMENT

Plaintiffs served their non-party subpoena (the "Subpoena") on Darling roughly ten months ago, *i.e.*, on July 10, 2023. *See* D.E. 76-1. From the outset, Darling objected to the Subpoena on numerous grounds, including, but not limited to, it (i) purported to require Darling to produce its highly confidential and trade secret information to its competitors (without sufficient protection under the Protective Order); (ii) was not narrowly tailored to the claims and defenses at issue in this case; and (iii) because of its breadth, would require Darling to incur substantial fees, costs, and expenses to respond to. *See* D.E. 101-1.

Over the course of several months, Plaintiffs and Darling conferred to try and resolve their disputes over the Subpoena. Throughout the conferral process Darling

repeatedly made two points clear: (1) the Subpoena was materially overbroad and (2) complying with the Subpoena, particularly as it was originally written, would require Darling to incur Significant Expenses. For example, in its original August 4, 2023, objections to the Subpoena, Darling objected on the ground that "responding thereto will require Darling to incur a substantial amount of time, disruption, and expense, which Darling, as a third party, is not required to incur." Similarly, in a December 1, 2023, conferral letter, Darling wrote: "Before addressing the specific Requests, it is important to reiterate that API has refused, and continues to refuse, to respond to Darling's concerns about the substantial costs associated with responding to the Subpoena, particularly as drafted."

The parties conferred for several months and were unable to resolve their disputes. As a result, Plaintiffs filed a Motion to Compel and Darling filed a Motion to Quash. *See* D.E. 76 and D.E. 101. In its opposition to Plaintiffs' Motion to Compel, Darling once again raised the cost issue. *See* D.E. 100 at 30. In fact, Darling devoted an entire section of its response to a section entitled "API Should be Ordered to Pay Darling's Costs of Compliance." *Id.* In that section, Darling provided substantial legal and factual support (including sworn Affidavits) for its position that Plaintiffs must reimburse it for the Significant Expenses it had incurred and would incur if it was required to respond to the Subpoena as written. *Id.*

On February 22, 2024, this Court entered an Order on the parties' competing

4

motions. *See* D.E. 126. In that Order, the Court held, among other things, "that some of Plaintiffs' requests are overbroad and are not proportional."[1] *Id.* at 4. The Court also found that "the parties have not met their obligation to reasonably address these issues before submitting them to the Court" and therefore ordered the parties to "engage in good faith discussions to resolve the disputes concerning this discovery." *Id.* at 6. On the issue of costs, the Court wrote:

> The possible reimbursement of expenses for compliance with discovery requests is not off the table. The Court will reserve ruling on that issue until discovery is completed. The Court expects that Plaintiffs will endeavor in good faith to reduce the burden of their Requests. In the end, if the Court finds Plaintiffs have sought a dollar's worth of discovery to recover a dime's worth of relevant evidence, Plaintiffs can expect to bear some of the costs of the discovery.

*Id.*

Given the Court's ruling, Darling spent nearly two months engaging in good faith discussions with Plaintiffs to try to resolve their disputes over the Subpoena. During that time, Darling continued to inform Plaintiffs that the Subpoena was overbroad and that compliance therewith would require Darling to incur Significant Expenses. For example, on April 2, 2024, Darling wrote: "Further, as we previously discussed, the number of document Darling is willing to review is dependent, at least in part, on API's agreement to pay the fees and expenses Darling incurs in the review and production process. While reasonableness and relevance remain important

---

[1] The Court also found that some of Darling's objections were likely to be overruled.

5

considerations, Darling notes that if API agrees to pay all Darling's fees and costs, Darling is more amenable to reviewing a greater number of documents. Thus, in addition to providing revised keywords, please also state whether API agrees to pay some or all of Darling's fees and costs (if API is agreeable to paying some, but not all, fees and costs, please state the amount)."

At every turn, Plaintiffs response to Darling's concerns about its Significant Expenses was to represent that they understood Darling's claim and that they would address reimbursement only after discovery was completed, pointing to this Court's Order. For example, on April 4, 2024, Plaintiffs wrote: "In terms of costs, we do not believe that we are required by the Court to address those at this stage. We encourage you to proceed in good faith in negotiating search terms and conducting a review and reserve on seeking costs until the production is complete, as others, including Pilgrim's has done." Critically, at no point during the conferral process did Plaintiffs reveal their (hidden) position that Darling is not entitled to recover any of its Significant Expenses (absent Plaintiffs being sanctioned) unless it obtained a Court Order compelling Darling to respond to the Subpoena.

Ultimately, while Darling maintained its position that the Subpoena was overbroad, unduly burdensome, and would unfairly require Darling to **advance** Significant Expenses to comply therewith, to avoid further motions practice, Darling agreed to search for, review, and produce non-privileged documents responsive to

6

narrowed document requests. That agreement was made with the understanding that Darling had preserved its right to seek recovery of its Significant Expenses from Plaintiffs.

As Darling approached the date to make its production under the narrowed Subpoena, Darling informed Plaintiffs that it was days from making its production and thus was ready to confer on the cost issue. On May 30, 2024, the parties participated in a telephone conferral about Darling's Significant Expenses, during which Plaintiffs disclosed **for the first time** their position that Darling cannot recover **any** of its Significant Expenses under Rule 45(d)(2)(B) because the Court did not issue an Order compelling production of documents responsive to the Subpoena. According to Plaintiffs, without a Court Order compelling production, Darling could only recover its Significant Expenses if it sought and obtained a sanction against Plaintiffs.

Having worked cooperatively with Plaintiffs for months to avoid further motions practice, Darling was shocked by Plaintiffs' position. According to Plaintiffs, Darling had two choices:

(1) Darling could work cooperatively with Plaintiffs to reach a compromise on the Subpoena and, if such a compromise is reached, Darling waives its right to seek reimbursement of its Significant Expenses under Rule 45(d)(2)(B).

(2) Darling could steadfastly refuse to produce documents in response to the Subpoena, require Plaintiffs to move to compel again, and then be ordered by this Court to make a production. According to Plaintiffs, this approach, which is the antithesis of working cooperatively, is the only way Darling could

preserve its right to seek reimbursement of its Significant Expenses under Rule 45(d)(2)(B).

At bottom, it is Darling's understanding that this Court prefer that parties work cooperatively to resolve discovery disputes without motions practice and without requiring this Court to enter discovery Orders. Darling also understands that the Federal and Local Rules, including the conferral requirements, are designed to facilitate compromise to avoid motions practice. Based on that understanding, Darling conferred in good faith and reached an agreement to conduct searches that frankly required it to perform far more work than it believes is appropriate.

Darling now stands ready, willing, and able to complete the document and data production it agreed to make. However, based on Plaintiffs' position in the May 30, 2024 call, Darling cannot do so. Indeed, if Darling makes its production now, Plaintiffs will argue that Darling waived its entitlement to recover its Significant Expenses under Rule 45(d)(2)(B). While Darling disagrees with Plaintiffs' position, in an abundance of caution, and to avoid having to brief the issue when Darling later moves for reimbursement of its Significant Expenses, Darling asks this Court to either quash the Subpoena or to enter an Order compelling it to respond thereto. It is unfortunate that Plaintiffs are requiring Darling and the Court to waste time on this issue and Darling hopes the Court can appreciate the box that it was unfairly placed in through Plaintiffs' eleventh-hour position.

Respectfully submitted, this 31st day of May, 2024.

/s/ *Steven J. Rosenwasser*
Steven J. Rosenwasser
Georgia Bar No. 614908
William E. Eye
Georgia Bar No. 688914

*Attorneys for Respondent*

**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553 2100
Fax: (678) 553 2212

## LOCAL RULE 7.1(D) CERTIFICATION

Counsel hereby certifies that the text of this document has been prepared with Times New Roman 14-point font, one of the font and point selections approved by the Court in Local Rule 5.1(C).

/s/ *Steven J. Rosenwasser*
Steven J. Rosenwasser

## CERTIFICATE OF SERVICE

This is to certify that on May 31, 2024, I electronically filed the foregoing **NON-PARTY DARLING INGREDIENTS INC.'S SECOND MOTION TO QUASH OR, IN THE ALTERNATIVE, MOTION FOR ORDER COMPELLING PRODUCTION** with the CM/ECF e-filing system, which will automatically send email notification of such filing to attorneys of record.

This 31st day of May, 2024

/s/ *Steven J. Rosenwasser*
Steven J. Rosenwasser