# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., et al, | |
| Plaintiffs, | Civil Action No. |
| v. | 2:22-CV-91-RWS |
| RIVER VALLEY INGREDIENTS, INC., TYSON POULTRY, INC., AND TYSON FARMS, INC., | |
| Defendants. | |

## ORDER

This matter is before the Court on a Second Motion to Quash Subpoena or, in the Alternative, Motion for Order Compelling Production [Dkt. 168], filed by Non-Party Darling Ingredients, Inc. ("Darling"). Darling's Motion is in violation of the Court's Standing Order Regarding Civil Litigation.[1] With that said, Darling expressly states that it "stands ready, willing, and able to make its production" to Plaintiff. [Motion to Quash at 3]. Having reviewed the record, the Court enters the following Order.

---

[1] Counsel for API immediately informed chambers' personnel that it opposes Darling's Second Motion to Quash.

## DISCUSSION

The dispute between Plaintiff American Proteins, Inc. ("API") and Darling first came to the Court's attention December 11, 2023. At that time, Plaintiff API's Motion to Enforce Subpoena Directed to Non-Party Darling Ingredients, Inc. [Dkt. 76] was pending before the Court. On January 12, 2024, Darling filed Motions to Quash the Subpoena and for a Protective Order [Dkt. 101].

### I.     February 26, 2024 Order

On February 26, 2024, the Court entered an Order [Dkt. 128 ("2-26-24 Order")] denying Darling's original Motion to Quash as untimely and deferring ruling on API's Motion to Enforce Subpoena. The Court noted that "the parties did not fully engage in a good faith effort to resolve these issues" and "have not met their obligation to reasonably address these issues before submitting them to the Court." [2-26-24 Order at 4]. The Court provided general guidance and encouraged the parties to consider seeking additional protections for the disclosure of confidential and proprietary information.[2] [Id. at 5-6]. However, the parties were directed to reconvene their discussions in good faith and to report back to the Court on the outstanding issues within 21 days. [Id. at 6].

---

[2] On May 20, 2024, an Amended Protective Order was executed and approved by the Court. [Dkt. 162].

Regarding costs associated with complying, the undersigned stated that:

> "The possible reimbursement of expenses for compliance with discovery requests is not off the table. **The Court will reserve ruling on that issue until discovery is completed**."

[Id. at 6 (emphasis added) ("In the end, if the Court finds Plaintiffs have sought a dollar's worth of discovery to recover a dime's worth of relevant evidence, Plaintiffs can expect to bear some of the costs of the discovery.")].

Since that time, API and Darling have worked towards a resolution that would not require additional intervention by the Court.

## II. Joint Status Report

After multiple consent motions requesting additional time, on May 28, 2024, API and Darling filed a Status Report [Dkt. 167] advising the Court that nearly all substantive issues had been resolved and that the parties were "still conferring on the issue of fees and costs, but do not require Court intervention at this time." [Status Report, ¶¶ 2, 3]. Specifically, the parties jointly represented:

> 2. Darling currently anticipates that it will produce (i) the agreed upon transactional data by May 31, 2024 and (ii) the remainder of agreed upon documents by June 12, 2024. In the event that Darling's production is materially delayed (which is not foreseen at this time), the parties will meet and confer and, if they cannot resolve their dispute, they will bring it to the Court's attention.

[Status Report, ¶ 2].

### III. Darling's Second Motion to Quash

On May 31, 2024, three days later, Darling filed its Second Motion to Quash, seeking, in the alternative, an Order Compelling Production. Darling insists that motion practice is now required because the parties disagree about allocation of fees and costs associated with compliance, estimated by Darling to be approximately $175,000. Darling also expresses concern over the deadlines set forth within the May 28 Status Report for its compliance if another round of informal briefing is entertained by the Court. [Motion to Quash at 3, 8 ("Darling now stands ready, willing, and able to make its production"].

As the Court understands Darling's Motion, the rationale for seeking an Order Compelling Production is that, absent an Order directing Darling to produce, API claims it is not ultimately responsible for sharing any of the costs incurred by Darling to comply with API's discovery requests. [Motion to Quash at 2, 3, 6, *passim*]. The record does not support this contention. As stated, *supra*, the Court made clear in its February 26, 2024 Order that the Court would revisit the matter of fees and costs incurred during discovery once this aspect of discovery was completed.

### IV. Prescribed Procedure for Unresolved Issues

To reiterate, as also explained in the Court's February 26, 2024 Order, in the event the parties are unable to reach agreement, the Court explicitly instructed that API and Darling "*shall* submit to the Court a summary of the issues which have been resolved and a list of those issues which have not been resolved. As to the unresolved issues, each party *shall* state its position as to the proper resolution of that issue." [2-26-24 Order at 6 (emphasis added)].

## CONCLUSION

For the foregoing reasons, the Court will **DENY** Darling's Second Motion to Quash Subpoena or, in the Alternative, Motion for Order Compelling Production [Dkt. 168]. In doing so, however, the Court finds that Darling's production to API as contemplated by the parties' Joint Status Report [Dkt. 167] does *not* amount to a waiver by Darling as to its ability to seek recovery of a portion of the fees and costs incurred from API.

To the extent that the parties are not able to resolve the question of fees and costs, the Court has already indicated that these matters will be considered upon completion of discovery. Moreover, the Court has already identified the procedure to follow if Court intervention is required.

**SO ORDERED** this 4th day of June, 2024.

_____
**RICHARD W. STORY**
United States District Judge