# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., AMPRO PRODUCTS, INC. n/k/a CROSSROADS PROPERTIES B, INC., GEORGIA FEED PRODUCTS COMPANY, L.L.C. n/k/a CROSSROADS PROPERTIES C, LLC,<br><br>        Plaintiffs,<br><br> v.<br><br>RIVER VALLEY INGREDIENTS, LLC, TYSON POULTRY, INC., and TYSON FARMS, INC.,<br><br>        Defendants. | Civil Action No. 2:22-CV-00091-RWS |

**THIRD PARTY DARLING INGREDIENTS INC.'S OBJECTIONS
AND RESPONSES TO PLAINTIFFS' SUBPOENA**

Third Party Darling Ingredients Inc. ("Darling") hereby provides its objections and responses to Plaintiffs' subpoena in the above-captioned matter (the "Subpoena").

**Objections to Definitions**

1.      Darling objects to the definitions to the extent they differ from or are inconsistent with the Federal Rules of Civil Procedure (the "Federal Rules") or the Local Rules for the United States District Court for the Northern District of Georgia (the "Local Rules"). Darling will comply with the Federal Rules and Local Rules.

2.      Darling objects to the definitions of "Document" and "Documents" as overly broad and unduly burdensome, particularly with respect to electronically stored information ("ESI"). Among other things, the Subpoena is overly broad and unduly burdensome to the extent it purports to require Darling to restore or search inactive, archived, or other data or documents that are not

1

readily accessible. Moreover, the Subpoena is overly broad and unduly burdensome to the extent it purports to require Darling to search for responsive, non-privileged information from a large group of persons without using appropriate keywords. To the extent Darling agrees to provide any documents or data responsive to this Subpoena, Darling will only do so by conducting keyword searches of a limited number of custodians who are reasonably likely to have non-privileged, non-duplicative, and responsive information.

3.      Darling objects to the definitions of "You" and "Your" as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, by including "attorneys" within the definitions, these definitions improperly seek information protected by the attorney-client privilege and/or the work product doctrine. Darling will construe the terms "You" and "Your" as referring only to Darling itself.

4.      Darling objects to the definition of "Rendering Facilities" to the extent it purports to require Darling to speculate as to which rendering facilities the Plaintiffs owned and transferred under the APA.

5.      Darling objects to the definition of "Raw Material Supply" as overly broad, unduly burdensome, and requiring speculation. Among other things, Darling cannot speculate as to what poultry materials may or may not have been supplied by "any [unidentified] poultry processor" to "any [unidentified] poultry renderer."

6.      Darling objects to the definition of "Poultry Rendering Output" as overly broad, unduly burdensome, and requiring speculation. Among other things, Darling cannot speculate as to each and every type of output that any poultry processor may have created during the multi-year period covered by the Subpoena.

2

## Objections to the Instructions

1.      Darling objects to Instruction A as overly broad, unduly burdensome, and improperly seeking information that is outside of its possession, custody, and/or control. Darling further objects to Instruction A to the extent it purports to require Darling, a third party, to conduct an exhaustive search of all its thousands of employees' ESI to try to locate responsive information. *See* Objection to Definition 2, which is incorporated herein by reference.

2.      Darling objects to Instruction B as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, Darling is a third party and, for that reason, is not required to incur the substantial time and expense associated with preparing a detailed privilege log like the one purportedly required by Instruction B.

3.      Darling objects to Instruction D as overly broad and unduly burdensome. Among other things, complying with this Instruction will unfairly and improperly require Darling to incur a substantial amount of time and expense trying to determine which documents are responsive to each of the Requests. Moreover, Darling's counsel's mental impressions, opinions, and conclusions as to which documents are responsive to each of the Requests constitutes privileged information and/or reveals Darling's counsel's work product.

4.      Darling objects to Instructions E and G as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Darling is a third party in this matter and, for that reason, is under no obligation to preserve documents for this case, let alone incur substantial time and effort trying to log any non-privileged responsive documents it no longer possesses. The burden associated with these Instructions is disproportionately greater than any purported benefit.

5.      Darling objects to Instruction H as overly broad and unduly burdensome. To the extent Darling agrees to produce documents responsive to this Subpoena, it will need to work with its ESI vendor to devise a reasonable and cost-effective means to ingest, store, and produce documents. Darling asks to meet and confer on this issue.

6.      Darling objects to Instruction J as overly broad, unduly burdensome, and seeking information that may not longer be active or readily available. Indeed, this Instruction purports to require Darling to search for, locate, review, and produce nearly ten years of documents and data. Darling, a third party, is not required to incur the substantial time and expense associated with such a broad request.

## General Objections

1.      Darling objects to the Subpoena on the ground that it seeks highly confidential, proprietary, and/or trade secret information (together, "Highly Confidential Information"). Darling, a third party, is not required to produce Highly Confidential Information, particularly where, as here, one or more of the receiving parties is Darling's competitor who can use the information to compete against or otherwise harm Darling. Indeed, the Complaint itself identifies Darling as a competitor of both Plaintiffs and Defendants. *See, e.g.*, Complaint ¶¶ 31, 38. While Plaintiffs have indicated that Darling can designate documents it produces as "Highly Confidential," that designation does not prevent the disclosure of Darling's Highly Confidential information to one or more parties, *i.e.,* competitors. On the contrary, the Protective Order contains exceptions that could potentially allow Darling's Highly Confidential Information to be viewed by its competitors.

2.      Darling objects to the Subpoena because responding thereto will require Darling to incur a substantial amount of time, disruption, and expense, which Darling, as a third party, is not

required to incur. To the extent Darling agrees to produce any documents in response to the Subpoena, any such production will be contingent upon Plaintiffs agreeing, in advance and in writing, to reimburse Darling for all fees, costs, and expenses it incurs in responding to the Subpoena, including, but not limited to, all ESI-related costs (*e.g.*, ingestion, review, storage, and production) and Darling's attorneys' fees. Indeed, Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original).

## Objections and Responses to Individual Requests

**Request No. 1:** **Transactional data, in a machine-readable form agreed upon by You and the Plaintiffs, for all transactions involving the sale of Raw Material Supply for poultry rendering from January 1, 2014, to the present**.

**Response:** Darling objects to Request No. 1 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce nearly ten years of undefined "[t]ransactional data." While Darling needs additional information to understand the full scope of this Request (*see* objection below regarding the ambiguity of the phrase "[t]ransactional data"), Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one-hundred fifty-thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing nearly a decade of data, particularly given the breadth of data apparently requested here.

5

*See, e.g.*, *Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of data relating to a material percentage of its purchases and sales. *See, e.g.*, *BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 1 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, confidential and proprietary information relating to Darling's suppliers, the volume provided by Darling's suppliers, and the prices paid for raw materials. This information is not publicly available

and, if it is reviewed by Darling's competitors, they can use it to unfairly compete and cause Darling irreparable harm.

*KPN Healthcare Servs. v. Mylan N.S.*, 2023 U.S. Dist. LEXIS 20706 (D. Kan. Feb. 7, 2023) is persuasive. In that case, the plaintiffs, like Plaintiffs here, brought unlawful monopolization claims and served a subpoena on a non-party seeking its transaction-level sales data. *Id.* at *4. The federal court quashed the subpoena because, *inter alia*, the requested transaction data was confidential, the non-party "could suffer real and substantial harm if" the data was disclosed, and "the existence of a protective order [wa]s not sufficient to eliminate the risk of irreparable harm." *Id.* at *6-14. The same is true here.

Darling further objects to Request No. 1 on the ground that the phrase "[t]ransactional data" is vague and ambiguous. Darling is unclear what specific data is being requested. For example, are Plaintiffs seeking data about the names of Darling's suppliers, their contact information, the volume of materials supplied, or other data that could be construed as "[t]ransaction data." Darling requests that the parties meet and confer so it can better understand the scope of this Request.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of data in roughly three weeks.

This Request is also objectionable because "Rule 45(d)(2)(B)(ii) '**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016)

(citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at

*2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any

non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus,

under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect

Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter*

*alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling

agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must

reimburse Darling for the fees, costs, and expenses it incurs in connection therewith. Please

confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs

in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees

and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and

producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by

the attorney-client privilege and/or work product doctrine. Privileged information will not be

provided.

For these and other reasons, Darling is not required to, and will not, produce documents or

data responsive to this Request.

**Request No. 2:** **Transactional data, in a machine-readable form agreed upon by You and Plaintiffs, for all transactions involving the purchase of Poultry Rendering Outputs from January 1, 2014, to the present.**

**Response:**   Darling objects to Request No. 2 on the ground that it is overly broad, unduly

burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R.

Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for,

review, and produce nearly ten years of undefined "[t]ransactional data." While Darling needs

additional information to understand the full scope of this Request (*see* objection below regarding the ambiguity of the phrase "[t]ransactional data"), Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one-hundred fifty-thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of data, particularly given the breadth of data apparently requested here. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of data relating to a material percentage of its purchases and sales. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 2 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, confidential and/or proprietary information relating to Darling's sales and customers, including, but not limited to, their identities, their purchase volumes, and the prices that they pay. This information is not publicly available and, if it is reviewed by Darling's competitors, they can use it to unfairly compete and cause Darling irreparable harm.

*KPN Healthcare Servs. v. Mylan N.S.*, 2023 U.S. Dist. LEXIS 20706 (D. Kan. Feb. 7, 2023) is persuasive. In that case, the plaintiffs, like Plaintiffs here, brought unlawful monopolization claims and served a subpoena on a non-party seeking its transaction-level sales data. *Id.* at *4. The federal court quashed the subpoena because, *inter alia*, the requested transaction data was confidential, the non-party "could suffer real and substantial harm if" the data was disclosed, and "the existence of a protective order [wa]s not sufficient to eliminate the risk of irreparable harm." *Id.* at *6-14. The same is true here.

Darling further objects to Request No. 2 on the ground that the phrase "[t]ransactional data" is vague and ambiguous. Darling is unclear what specific data is being requested. For example, are Plaintiffs seeking data about the names of Darling's customers, their contact information, the volume of materials purchased, or other data that could be construed as "[t]ransaction data." Darling requests that the parties meet and confer so it can better understand the scope of this Request.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P.

45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This Request is also objectionable because "Rule 45(d)(2)(B)(ii) "**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**Request No. 3:** **Lookup tables, data dictionaries, or glossaries for all coded fields in transactional data, including but not limited to all fields present in the lookup fields or data dictionaries relating to the transactional data specified in Request Nos. 1-2 from January 1, 2014, to the present**.

**Response:** Darling responds by reference to, and incorporating herein, its objections and responses to Request Nos. 1 and 2. Darling further objects to Request No. 3 to the extent it purports to require Darling to create a document that it does not maintain in the ordinary course of business. Darling is not required to, and will not, create a document simply for purposes of responding to this Subpoena.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**Request No. 4:** **Your internal and public annual, quarterly, and monthly financial statements, summaries, forecasts, business plans, budgets, and analyses concerning Raw Material Supply and Poultry Rendering Outputs, including profit and loss statements and comparisons to budget from January 1, 2014, to the present**.

**Response:** Darling objects to Request No. 4 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce nearly ten years of "financial statements, summaries, forecasts, business plans, budgets, and analyses" concerning a material portion of its purchases and sales. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one-hundred fifty-thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of documents, particularly given the breadth of

documents requested here. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at \*8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents relating to a material percentage of its purchases and sales. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at \*37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at \*1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 4 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, confidential and/or proprietary information relating to Darling's profits, margins, income, business

13

plans, sales and marketing strategies, budgets, and forecasts. This information is not publicly available and, if it is reviewed by Darling's competitors, they can use it to unfairly compete and cause Darling irreparable harm.

*KPN Healthcare Servs. v. Mylan N.S.*, 2023 U.S. Dist. LEXIS 20706 (D. Kan. Feb. 7, 2023) is persuasive. In that case, the plaintiffs, like Plaintiffs here, brought unlawful monopolization claims and served a subpoena on a non-party seeking its transaction-level sales data. *Id.* at *4. The federal court quashed the subpoena because, *inter alia*, the requested transaction data was confidential, the non-party "could suffer real and substantial harm if" the data was disclosed, and "the existence of a protective order [wa]s not sufficient to eliminate the risk of irreparable harm." *Id.* at *6-14. The same is true here.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This Request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect

14

Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**Request No. 5: All communications between You and Defendants**.

**Response:**    Darling objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, this Request makes no effort to tie the requested documents to any claim or defense at issue in this case. By way of hypothetical example, if a Darling employee sent an email to one of the Defendants about the dates for an upcoming trade show, Darling would have to incur the time and expense of searching for, reviewing, and producing that email even though it is wholly irrelevant to this case.

Darling further objects to Request No. 5 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R.

Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce nearly ten years of documents that involve any communications on any subject matter with any person working for or on behalf of any of the Defendants. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one hundred fifty thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of documents, particularly given the breadth of documents requested here. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents from all its employees to anyone working for or on behalf of Defendants regardless of the subject matter of the document. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS

16

1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 5 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, confidential and/or commercial information relating to Darling's business transactions, if any, with Defendants.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This Request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling

agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**Request No. 6: All communications between You and any entity about Defendants**.

**Response:** Darling objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, this Request makes no effort to tie the requested documents to any claim or defense at issue in this case. By way of hypothetical example, if a Darling employee sent an email to his kids saying they were having Tyson chicken nuggets for dinner, that email would arguably be responsive to this Request even though it is wholly irrelevant to this case. The same is true about an email containing nothing more than a link to a news story about Tyson Food's buying a new property or having an issue with contamination.

Darling further objects to Request No. 6 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for,

18

review, and produce nearly ten years of documents that involve any communications on any subject matter with any person, including attorneys, so long as it mentions or in any way relates to any of the Defendants in this case. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one-hundred fifty-thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of documents, particularly given the breadth of documents requested here. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents that in any way mention or relate to any of the Defendants in this case. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a

non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 6 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, Darling's Highly Confidential Information about its competitors (which include Plaintiffs and Defendants), including, but not limited to, competitive analyses, business plans, sales and marketing strategies, and strategic plans. Darling is not required to, and will not, provide to its competitors its plans and strategies for competing against them.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect

Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**Request No. 7:** **All communications between You and any other, poultry renderer, poultry processor, or any other entity regarding the potential or actual acquisition and/or operation by Defendants of a rendering facility within the Market.**

**Response:** Darling objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, this Request is not tied to any claim or defense at issue in this case. By way of hypothetical example, if a Darling employee speculated that in 2014 that Tyson might acquire a small company unrelated to Plaintiffs, Darling would be required to incur substantial time and expense trying to locate that speculative email even though it is wholly irrelevant to this case. The same is true about an email containing nothing more than a link to a news story about a Defendant acquiring a rendering company.

Moreover, this Request is overly broad in seeking "[a]ll communications" about the "operation by Defendants of a rendering facility within the Market." As written, this Request would purportedly require Darling to search for, review, and produce every email that was ever sent or received that in any way discusses any of the Defendant's rendering business in four states.

Darling further objects to Request No. 7 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce nearly ten years of documents that involve any communications relating to any Defendants operation of a rendering facility in four states as well as all communications relating to any Defendants potential or actual acquisition. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one-hundred fifty-thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of documents, particularly given the breadth of documents requested here. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from

22

compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents that in any way mention or relate to any of the Defendants operations or potential or actual acquisitions in four states. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 7 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks documents discussing or relating to any of the Defendants' rendering operations, which would include Darling's competitive analyses, business plans, sales and marketing strategies, and strategic plans given that Defendants are Darling's direct competitor. Darling is not required to, and will not, provide to its competitors its plans and strategies for competing against them.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

23

This request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**Request No. 8: All documents relating to any industry trade group or association meeting in which Defendants were discussed between January 1, 2017 to present.**

**Response:** Darling objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence. Among other things, this Request makes no effort to tie the requested documents to any

claim or defense at issue in this case. By way of hypothetical example, if a Darling employee sent

an email saying nothing more than he was going to a trade group meeting wherein one of the

Defendants happened to be discussed, Darling would have to incur the time and expense searching

for, reviewing, and producing that email even though it is wholly irrelevant to this case. The same

is true of an email the simply seeks reimbursement for travel expenses relating to a trip to a trade

group meeting where one of the Defendants was discussed.

  Darling further objects to Request No. 8 on the ground that it is overly broad, unduly

burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R.

Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for,

review, and produce nearly ten years of documents that involve any communications relating to

any trade group or trade association meeting so long as any of the Defendants were even mentioned

at that meeting. Darling anticipates that complying with this Request and all other Requests would

require Darling to incur at least one-hundred fifty-thousand dollars in ESI and attorneys' fees and

expenses and likely much more. Darling, as a third party, is not required to incur the substantial

time, disruption, and expense finding, reviewing, and producing a decade of documents,

particularly given the breadth of documents requested here. *See, e.g., Morton v. Lien Filers of*

*Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021)

(quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r*

*Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena

on undue burden grounds).

  In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to

"take reasonable steps to avoid imposing undue burden or expense on a person subject to [a]

subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents that relate to any trade group or trade association meeting where one of the Defendants happened to be mentioned even if just in passing. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling further objects to Request No. 8 to the extent it purports to require Darling to try to recall or speculate whether one or more Defendants were ever discussed at a trade group or trade association meeting.

Darling also objects to Request No. 8 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, Darling's Highly Confidential Information about its competitors (which include Plaintiffs and Defendants), including, but not limited to, internal communications regarding plans or strategies Darling employed or still employs based on information obtained at a trade group or trade association meeting.

26

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**Request No. 9**: **All internal and external communications related to Your contracts and related negotiations with Defendants.**

**Response:** Darling objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, by seeking information relating to all contracts regardless of subject matter, this Request makes no effort to tie the requested documents to any claim or defense at issue in this case.

Darling further objects to Request No. 9 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce nearly ten years of documents that involve any internal and external communications relating to any contract on any subject matter that Darling ever had with any of the Defendants in this case. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one-hundred fifty-thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of documents, particularly given the breadth of documents requested here. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v.*

*Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents that in any way relate to any contract negotiations with any of the Defendants. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 9 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, Darling's Highly Confidential Information about its negotiations with Defendants, including, but not limited to, Darling's internal discussions about negotiation strategies and confidential contractual terms.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Darling also objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Among other things, Darling's

30

communications with its counsel relating to contract terms and contract negotiations is privileged and privileged information will not be provided.

Finally, this Request is objectionable because it seeks information that can and should be obtained from a party to this action. Specifically, this Request seeks contracts and communications with Defendants. Under applicable law, Plaintiffs are required to obtain those documents from Defendants (who are a party) and not Darling (a non-party). *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (authorizing protective order when the discovery sought can be obtained from a source that is more convenient and/or less burdensome); *Weems Indus., Inc. v. Teknor Apex Co.*, 2022 U.S. Dist. LEXIS 240800, at *7-8 (N.D. Ga. May 16, 2022) (quashing subpoena when party can obtain documents from a source other than a non-party); *Fausten v. AT&T Servs.*, 2021 U.S. Dist. LEXIS 249657, at *2 (N.D. Fla. Oct. 27, 2021) ("Plaintiff can obtain the document from the Defendant. There is no need to burden a non-party").

For these and other reasons, Darling is not required to, and will not, produce documents responsive to this Request.

**10. All documents reflecting internal or external communications regarding this Lawsuit.**

**<u>Response:</u>** Darling objects to this Request on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce documents discussing this lawsuit without making any effort to limit the Request to documents that pertain to anything of consequence to the action. For example, as written, Darling would have to incur the time and expense of searching for, reviewing, and producing an email that simply forwards a news link about this lawsuit. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19,

2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce any documents that even mention this case. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

This Request is also objectionable because Darling's own internal opinions or thoughts about this lawsuit, if any, have no bearing on any claim or defense. Thus, the burden of responding to this Request is disproportionately greater than any purported benefit.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day

extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

Subject to and without waiving all objections, Darling is willing to meet and confer to better understand Plaintiffs' position as to why Darling's non-privileged internal opinions, if any,

about the lawsuit have any relevance to this case. Darling will then evaluate whether the burden associated with responding to this Request is disproportionately greater than any purported benefit.

**Request No. 11: All internal and external communications regarding pricing and output volumes of Raw Material Supply and Poultry Rendering Output after Closing.**

**Response:** Darling further objects to Request No. 11 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce more than five years of documents that involve any internal and external communications that in any way relate to the pricing and volume of any inputs or outputs associated with poultry rendering, which is a material component of Darling's business. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one hundred fifty thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing more than five years of documents, particularly given the breadth of documents requested here. *See, e.g.*, *Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from

34

compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce more than five years of documents that in any way mention or relate to pricing or volume for any poultry rendering inputs or outputs. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 11 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, Darling's Highly Confidential Information about its competitors (which include Plaintiffs and Defendants), including, but not limited to, competitive analyses, business plans, sales and marketing strategies, financial information (income, revenues, profits, margins), and strategic plans. Darling is not required to, and will not, provide to its competitors its plans and strategies for competing against them.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning more than five years in ten days. While Plaintiffs provided Darling a fourteen-

day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**<u>Request No. 12</u>:** **All documents reflecting contracts, agreements, purchase orders, or other arrangements of any kind between You and Defendants from January 1, 2014, to the present limited to the Market**.

**<u>Response:</u>** Darling objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, by seeking information relating to all contracts regardless of subject matter, this Request makes no effort to tie the requested documents to any claim or defense at issue in this case.

Darling further objects to Request No. 12 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce nearly ten years of documents that involve any documents relating to any contract on any subject matter that Darling ever had with any of the Defendants in this case. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one-hundred fifty-thousand dollars in ESI and attorneys' fees and expenses and potentially much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of documents, particularly given the breadth of documents requested here. *See, e.g.*, *Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at \*8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a]

37

subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents that in any way relate to any contracts with any of the Defendants. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 12 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, Darling's Highly Confidential Information about its negotiations with Defendants, including, but not limited to, Darling's internal discussions about negotiation strategies and confidential contractual terms.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day

extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Darling also objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Among other things, Darling's communications with its counsel relating to contract terms and contract negotiations is privileged and privileged information will not be provided.

Finally, this Request is objectionable because it seeks information that can and should be obtained from a party to this action. Specifically, this Request seeks contracts and communications

with Defendants. Under applicable law, Plaintiffs are required to obtain those documents from Defendants (who are a party) and not Darling (a non-party). *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (authorizing protective order when the discovery sought can be obtained from a source that is more convenient and/or less burdensome); *Weems Indus., Inc. v. Teknor Apex Co.*, 2022 U.S. Dist. LEXIS 240800, at *7-8 (N.D. Ga. May 16, 2022) (quashing subpoena when party can obtain documents from a source other than a non-party); *Fausten v. AT&T Servs.*, 2021 U.S. Dist. LEXIS 249657, at *2 (N.D. Fla. Oct. 27, 2021) ("Plaintiff can obtain the document from the Defendant. There is no need to burden a non-party").

For these and other reasons, Darling is not required to, and will not, produce documents responsive to this Request.

**Request No. 13:** **All documents reflecting contracts, agreements, purchase orders, or other arrangements of any kind between You and any Poultry Processor in the Market from January 1, 2014, to the present.**

**Response:** Darling objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, this Request makes no effort to tie the requested documents to any claim or defense at issue in this case. By way of hypothetical example, if Darling executed a one-time trucking contract with a poultry processor, Darling would have to incur the time and expense of searching for, reviewing, and producing that contract even though it is wholly irrelevant to this case.

Darling further objects to Request No. 13 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce nearly ten years of documents that involve any communications with any

poultry processor in four states relating to any contracts for any subject matter. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one hundred fifty thousand dollars in ESI and attorneys' fees and expenses and potentially much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of documents, particularly given the breadth of documents requested here. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents that involve any contracts of any kind with any poultry processors in four states. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 13 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, Darling's Highly Confidential Information about its suppliers, including, but not limited to, Darling's purchase volume from its suppliers and the prices it pays for materials.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This request is also objectionable because "Rule 45(d)(2)(B)(ii) '"**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant."' *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith.

Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**Request No. 14:** **All documents concerning any research, report, survey, study, or analysis of pricing, price levels, output volumes, competitive conditions, or market conditions related to Raw Material Supply and Poultry Rendering Outputs from January 1, 2014, to the present.**

**Response:** This Request is the epitome of an improper request. Both Plaintiffs and Defendants are competitors of Darling, and Darling is not required to provide its competitors with such Highly Confidential Information as its studies or analyses of competitive conditions, market conditions, pricing, or volumes. Indeed, Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is clearly applicable here.

Darling further objects to this Request on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce nearly ten years of reports, studies, and analyses of pricing, volume, and market conditions for its raw materials and its outputs. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one-hundred fifty-

thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of documents, particularly given the breadth of documents requested here. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents that involve any reports, studies, analysis, or other related documents involving its raw materials or outputs. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P.

45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This request is also objectionable because "Rule 45(d)(2)(B)(ii) "'**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at \*40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at \*2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

Finally, Darling objects to this Request to the extent it seeks any documents protected by the attorney-client privilege and/or work product doctrine. Privileged information will not be provided.

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

**Request No. 15:** **All documents concerning Poultry Rendering industry trends, including but not limited to, trade articles, reports, and studies.**

**Response:** Darling objects to this Request as overly broad, unduly burdensome, and seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Among other things, this Request makes no effort to tie the requested documents to any claim or defense at issue in this case. By way of hypothetical example, if a Darling employee sent an email discussing the trend of rendering employees working remotely, Darling would have to incur the time and expense searching for, reviewing, and producing that email even though it is wholly irrelevant to this case.

Darling further objects to Request No. 15 on the ground that it is overly broad, unduly burdensome, and purports to require Darling to incur significant expense. *See generally* Fed. R. Civ. P. 45(d)(2). Specifically, this Request purports to require Darling, a third party, to search for, review, and produce nearly ten years of documents that involve any communications with any person relating to any trends in the rendering industry. Darling anticipates that complying with this Request and all other Requests would require Darling to incur at least one-hundred fifty-thousand dollars in ESI and attorneys' fees and expenses and likely much more. Darling, as a third party, is not required to incur the substantial time, disruption, and expense finding, reviewing, and producing a decade of documents, particularly given the breadth of documents requested here. *See, e.g., Morton v. Lien Filers of Heath W. Williams, LLC*, 2021 U.S. Dist. LEXIS 201607, at *8-10 (N.D. Ga. Aug. 19, 2021) (quashing subpoena where burden is disproportionate to the needs of the case); *Jordan v. Comm'r Miss. Dep't of Corr.*, 947 F.3d 1322, 1336-37 (11th Cir. 2020) (affirming Order quashing subpoena on undue burden grounds).

In fact, Fed. R. Civ. P. 45(d)(1) makes clear that a party serving a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to [a] subpoena" and, if a party fails to comply with that requirement, the Court "must enforce th[e] duty" by "impos[ing] an appropriate sanction." *See also* Fed. R. Civ. P. 45(d)(2)(A)(ii) (requiring a party to ensure that a subpoena does not impose "significant expense resulting from compliance."). This provision is applicable here, where Plaintiffs made no effort to avoid imposing an undue burden or expense on Darling, but rather are trying to force Darling to search for, review, and produce roughly a decade worth of documents that in any way mention or relate to any trends in the rendering industry. *See, e.g., BMO Harris Bank, N.A. v. Richert Funding, LLC*, 2017 U.S. Dist. LEXIS 234735, at *37 (N.D. Ga. July 3, 2017) (imposing sanctions and awarding attorneys' fees for subpoena that imposed undue burden and expenses); *Tidwell-Williams v. Northwest Georgia Health Sys.*, 1998 U.S. Dist. LEXIS 1674745, at *1 (N.D. Ga. Nov. 18, 1998) (forcing a non-party to defend against an untenable position by a party serving a Rule 45 subpoena warrants the imposition of sanctions).

Darling also objects to Request No. 15 to the extent it seeks Darling's Highly Confidential Information. Fed. R. Civ. P. 45(d)(3)(B) provides that a court can quash a subpoena where compliance requires "disclosure [of] a trade secret or other confidential, research, development, or commercial information." This provision is applicable here because the Request seeks, *inter alia*, Darling's Highly Confidential Information about its suppliers, customers, marketplace, and/or competitors, including, but not limited to, competitive analyses, business plans, sales and marketing strategies, and strategic plans. Darling is not required to, and will not, provide to its competitors (*i.e.*, Plaintiffs and Defendants) its plans and strategies for competing against them.

Darling also objects to this Request on the ground that Plaintiffs have not afforded Darling sufficient time to search for, review, and produce the requested documents. *See* Fed. R. Civ. P. 45(d)(3)(A)(i). Indeed, as written, the Subpoena purported to require Darling to produce documents spanning nearly a decade in ten days. While Plaintiffs provided Darling a fourteen-day extension, it is still unreasonable to require Darling to search for, review, and produce nearly a decade of documents and data in roughly three weeks.

This request is also objectionable because "Rule 45(d)(2)(B)(ii) '"**requires** the district court to shift a non-party's cost of compliance with a subpoena, if those costs are significant.'" *Monitronics Int'l, Inc. v. Hall*, 2016 U.S. Dist. LEXIS 166402, at *40 (N.D. Ga. Dec. 2, 2016) (citation omitted); *see also Hernandez v. Hendrix Produce, Inc.*, 2014 U.S. Dist. LEXIS 30861, at *2 n. 5 (S.D. Ga. Mar. 10, 2014) ("[P]laintiffs are reminded that this Court **must** shift to them any non-party's subpoena compliance costs if they are significant.") (emphasis in original). Thus, under Fed. R. Civ. P. 45(d)(2)(B)(ii) and associated caselaw, Plaintiffs are required to protect Darling from the "significant expense resulting from compliance" with the Subpoena by, *inter alia*, "reimburs[ing] the non-party's cost of production." *Id.* For that reason, to the extent Darling agrees or is compelled to produce documents in response to the Subpoena, Plaintiffs must reimburse Darling for the reasonable fees, costs, and expenses it incurs in connection therewith. Please confirm, in writing, that Plaintiffs will reimburse Darling for the fees, costs, and expenses it incurs in connection with responding to this Subpoena, including, but not limited to, all attorneys' fees and all ESI fees Darling incurs in connection with locating, ingesting, reviewing, storing, and producing documents/data.

This Request is also objectionable because it seeks information that can and should be obtained from public sources. Indeed, Darling, a third party, is not required to search for trade

articles and other documents that are publicly available, *i.e.*, that Plaintiffs can search for and find themselves. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (authorizing protective order when the discovery sought can be obtained from a source that is more convenient and/or less burdensome); *Weems Indus., Inc. v. Teknor Apex Co.*, 2022 U.S. Dist. LEXIS 240800, at *7-8 (N.D. Ga. May 16, 2022) (quashing subpoena when party can obtain documents from a source other than a non-party).

For these and other reasons, Darling is not required to, and will not, produce documents or data responsive to this Request.

Dated: August 4, 2023.

*/s/ Steven J. Rosenwasser*

Steven J. Rosenwasser
Ga. Bar No. 614908
William E. Eye
Ga. Bar No. 688914
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE
Suite 2500
Atlanta, Georgia 30305
Tel.: (678) 553-2100
rosenwassers@gtlaw.com
eyew@gtlaw.com

*Attorneys for Darling Ingredients Inc.*

49

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| AMERICAN PROTEINS, INC. n/k/a CROSSROADS PROPERTIES A, INC., AMPRO PRODUCTS, INC. n/k/a CROSSROADS PROPERTIES B, INC., GEORGIA FEED PRODUCTS COMPANY, L.L.C. n/k/a CROSSROADS PROPERTIES C, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RIVER VALLEY INGREDIENTS, LLC, TYSON POULTRY, INC., and TYSON FARMS, INC., <br><br> Defendants. | Civil Action No. 2:22-CV-00091-RWS |

**RULE 5.4 CERTIFICATE OF SERVICE**

This is to certify that, on August 4, 2023, I served the following discovery material on Plaintiffs' counsel, via email:

1.    Third Party Darling Ingredients Inc.'s Objections and Responses to Plaintiffs' Subpoena.

Dated: August 4, 2023.

/s/ Steven J. Rosenwasser
Steven J. Rosenwasser
Ga. Bar No. 614908
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE
Suite 2500
Atlanta, Georgia 30305
Tel.: (678) 553-2100
rosenwassers@gtlaw.com

50