# EXHIBIT 10

| From: | Caitlin.Saladrigas@hklaw.com |
|---|---|
| To: | Rosenwasser, Steven J. (Shld-ATL-LT); Romeo.Quinto@hklaw.com; Alexander.Dudley@hklaw.com |
| Cc: | Eye, William E. (Assoc-ATL-LT); Kenneth.Racowski@hklaw.com |
| Subject: | RE: Darling/API Keyword "Hit" Report |
| Date: | Tuesday, April 2, 2024 8:26:59 PM |

*EXTERNAL TO GT*

Steven,

Thank you for providing the hit report on the search terms. Although we disagree that 37,560 hits presents an undue burden for Darling considering its financial resources, importance to this litigation, apparent possession of relevant documents, and the amount in controversy, we have a proposal that should significantly limit the time and expense Darling would need to incur for the ESI review. This proposal should further eliminate any concern regarding cost shifting.

We propose that API and Darling enter into a 502(d) clawback-type agreement that operates as follows. Darling would by-pass a pre-production review for responsiveness and liberally designate its production as Outside Counsel Eyes Only to expedite the production. Documents and communications which have clearly been provided to or exchange with Tyson would naturally not qualify as OCEO and could be batch designated using the other tiers set forth in the protective order, as needed. The existing and amended versions of the Protective Order provide for post-production conferrals regarding such designations should a dispute arise regarding Darling's designation. Additionally, API would agree that Darling could run a privilege screen on collected documents to assess whether privileged documents exist in advance of the date the at-issue subpoena was served and withhold hits from the production. As you know, initial privilege screens are generally overinclusive in identifying privileged documents such that there should be limited concerns on inadvertent disclosures. Further, API would also agree to allow Darling to provide a categorical privilege log with a signed certification stating that you believe all documents being withheld are in fact privileged, rather than requiring a privilege log listing each document being withheld. API will then conduct the responsiveness review for the remainder of the hits. Any documents that are: (1) non-responsive, and/or (2) privileged will be returned to Darling. Further, any privileged documents identified in the review will be treated as an inadvertent disclosure and not subject to waiver.

We are happy to discuss this proposal in further detail over a call tomorrow. Assuming we reach an agreement, the parties should be well-positioned for Thursday's filing with the Court.

Thanks,
Caitlin

Caitlin Saladrigas | Holland & Knight
Partner
Holland & Knight LLP
777 South Flagler Drive, Suite 1900, West Tower | West Palm Beach Florida 33401
Phone 561.650.8349 | Fax 561.650.8399
caitlin.saladrigas@hklaw.com |
https://urldefense.com/v3/__http://www.hklaw.com__;!!DUT_TFPxUQ!FqZi6CtVUnOyrhz9F2esxsxDphP6GW2mUZ9DEHditTyYtz9YMhaAeCGPkACTtVw6Eqhqoesuy5wZcxWsUrxOiye01nR9ub8ljw$
-----Original Message-----
From: Steven.Rosenwasser@gtlaw.com <Steven.Rosenwasser@gtlaw.com>
Sent: Tuesday, April 2, 2024 7:35 AM
To: Saladrigas, Caitlin F (WPB - X28349) <Caitlin.Saladrigas@hklaw.com>; Quinto, Romeo S (CHI - X65820) <Romeo.Quinto@hklaw.com>; Dudley, Alexander M (FTL - X27806) <Alexander.Dudley@hklaw.com>
Cc: eyew@gtlaw.com
Subject: Darling/API Keyword "Hit" Report

[External email]

Caitlin, Romeo, and Alex,

Good morning. As you know, immediately after API provided proposed keywords we indicated that the proposed keyword were too broad and would result in a large number of false positives. For that reason, we asked that you please narrow the terms. API elected not to do so. Instead, it asked that Darling prepare a keyword "hit" report showing the breadth and burden of the terms. While we maintained our objections, as a sign of good faith, we have now prepared the keyword "hit" report, a copy of which is attached. As you will see, Darling's concerns were valid. The report indicates that the proposed keywords "hit" 37,560 document. It would be unduly burdensome and extremely costly for Darling to have to incur the time and expense associated with reviewing those documents for, among other things, relevance and privilege. That ignores the time and expense associated with redactions and confidentiality designations. For these and other reasons, Darling maintains its objections that the proposed keywords are overly broad, unduly burdensome, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Through this email, we ask that you please go through the report and provide us with new keywords that are substantially narrowed to the core issues in your case. And that materially reduce the number of "hit" documents. Further, as we previously discussed, the number of document Darling is willing to review is dependent, at least in part, on API's agreement to pay the fees and expenses Darling incurs in the review and production process. While reasonableness and relevance remain important considerations, Darling notes that if API agrees to pay all Darling's fees and costs, Darling is more amenable to reviewing a greater number of document. Thus, in addition to providing revised keywords, please also state whether API agrees to pay some or all of Darling's fees and costs (if API is agreeable to paying some, but not all, fees and costs, please state the amount).

Thanks,

Steven

------------------------------------------------------------------------
If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

_____

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.