# Exhibit B

## Sperry, Brian B (ATL - X48434)

| | |
|---|---|
| **From:** | Reagin, Patrick (ATL - X48433) |
| **Sent:** | Thursday, June 20, 2024 8:51 AM |
| **To:** | Dudley, Alexander M (FTL - X27806); Sperry, Brian B (ATL - X48434) |
| **Subject:** | FW: CONFIDENTIAL - API/Tyson Litigation (2:22-cv-091) (NDGA) - Darling Subpoena |

Privileged Work Product

**Patrick Reagin** | **Holland & Knight**
Partner
Holland & Knight LLP
1180 West Peachtree Street, NW, Suite 1800 | Atlanta, Georgia 30309
Phone 404.817.8433 | Mobile 504.460.5479
patrick.reagin@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Steven.Rosenwasser@gtlaw.com <Steven.Rosenwasser@gtlaw.com>
**Sent:** Thursday, June 20, 2024 5:14 AM
**To:** Reagin, Patrick (ATL - X48433) <Patrick.Reagin@hklaw.com>
**Cc:** eyew@gtlaw.com; Maines, J. Allen (ATL - X48525) <Allen.Maines@hklaw.com>; Cox, Kevin W (TAL - X35624) <kevin.cox@hklaw.com>; Hendrick, A Andre (ATL - X48131) <andre.hendrick@hklaw.com>
**Subject:** RE: CONFIDENTIAL - API/Tyson Litigation (2:22-cv-091) (NDGA) - Darling Subpoena

*[External email]*
Patrick,

We are in receipt of your June 19, 2024 email responding to our conferrals for reimbursement of the significant fees, costs, and expenses Darling incurred in connection with API's subpoena. As you know, we have provided API with substantial evidence of the significant burden the subpoena placed on Darling, including over $40,000 in outside vendor costs and over $100,000 in attorneys' fees. Despite that evidence, the clear language of Rule 45, and case law mandating reimbursement in this circumstance, your June 19 email states that API will reimburse Darling only $29,500, which you stated is "a last and best" offer that "will not be increased."

It is unfortunate that API has taken this position. Among other things, we do not believe that API's email reflects or complies with the Court's clear direction that we confer in good faith on this issue. In any event, Darling rejects API's low offer and the parties have hit an impasse.

Now that we have conferred on this issue by video conference, telephone, and email, we believe that we have complied with the Court's standing order and are now ready to seek intervention from the Court. Thus, in accordance with the Court's standing order, we will reach out to Ms. Kemp informing her of the dispute. We will, of course, copy you.

Thanks,

Steven

**Steven J. Rosenwasser**
Shareholder

Greenberg Traurig, LLP
Terminus 200 | 3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.7388  |  F 678.553.7313
Steven.Rosenwasser@gtlaw.com   |   www.gtlaw.com   |   View GT Biography



---

**From:** Patrick.Reagin@hklaw.com <Patrick.Reagin@hklaw.com>
**Sent:** Wednesday, June 19, 2024 2:43 PM
**To:** Rosenwasser, Steven J. (Shld-ATL-LT) <Steven.Rosenwasser@gtlaw.com>
**Cc:** Eye, William E. (Assoc-ATL-LT) <eyew@gtlaw.com>; Allen.Maines@hklaw.com; kevin.cox@hklaw.com; andre.hendrick@hklaw.com
**Subject:** CONFIDENTIAL - API/Tyson Litigation (2:22-cv-091) (NDGA) - Darling Subpoena

**\*EXTERNAL TO GT\***

Steven,

The purpose of this e-mail is to transmit the below offer proposed in full and final satisfaction of any and all claims by Darling related to fee-sharing or reimbursement related to the subpoena served in the referenced matter.  This offer is made on a strictly confidential basis and may not be disclosed to any third party (with the exception of the Court were this matter to be litigated).  The offer itself and any agreement related to its subject matter will be deemed voided and rescinded in the event same are disclosed to unauthorized third parties.

The terms of the offer are as follows:

- API pays to Darling the sum of $29,500.
- Darling waives any right to claim any further reimbursement, costs, fees, or expenses, related to the subpoena served in the litigation between API and Tyson.
- The parties will embody the terms in a final written agreement subject to review and mutual approval by counsel.
- Among other terms to be finalized, the agreement will contain non-disclosure obligations.

API reserves all rights, arguments, and defenses in the event that Darling rejects the offer and the matter is litigated, including that Darling has no right to recover any of its fees or expenses incurred in connection with the subpoena.

In order to assist you in evaluating this offer, which is made purely in a good faith effort to save our respective clients unnecessary litigation expense, we provide the following additional information:

We have reviewed the legal and vendor invoices presented by Darling.  Based on our review, over $113,000 of Darling's approximately $145,000 legal fees were incurred in objecting to and resisting the subpoena, presenting to the court a failed motion to quash, confidentiality and privilege reviews, and negotiations and communications with third parties.  Of these, almost $110,000 precede Judge Story's order denying Darling's motion to quash.  We read applicable case authorities to hold that these categories of fees are not recoverable under Rule 45.  We also believe Judge Story is highly unlikely to include any of these categories in any potential fee-sharing award in this particular case given the statements from his order, observing, inter alia, that "many, if not all, of Darling's relevance objections lack merit."  And

that API "offered to meet and confer on each of its Requests and to take reasonable steps to avoid any undue burden on Darling" as well as "to limit certain of the requests," but that Darling failed to take API up on these offers. Over 75% of the fees reflected in the invoices submitted by Darling predated these findings by the Court.

Of the total legal spend, we perceive only approximately $6,000 in fees appearing to relate specifically to efforts to comply with the subpoena. A separate $24,100 consisted of mixed block-billing entries reflecting some potential components of compliance and other non-compliance related activity. We have given Darling the benefit of the doubt that 50% of these could be characterized as related to compliance (hereafter, the "mixed" fees). Darling also submitted approximately $41,000 in vendor invoices. The majority of these costs related to data storage and hosting. We believe these fees could have been substantially reduced had Darling sooner and more meaningfully cooperated in working to reach agreement on custodians and search terms, which would have facilitated narrowing down the collection and review universe.

We also note that under Rule 45, even if cost or fee-sharing were warranted under the rules (which is expressly denied), Darling could not reasonably expect full reimbursement. While Rule 45 compels that conclusion, it is also consistent with Judge Story's statement in his order that API could at best expect to share "some of the costs of discovery," if a sufficient showing were made to warrant fee-sharing, which again API denies can be shown on the present record and in light of the Court's findings to date.

API's offer of $29,500 correlates to approximately 50% of the compliance-related and "mixed" fees attributable to compliance + 50% of Darling's vendor costs. Under the circumstances, this offer is eminently reasonable, and indeed generous. It should be considered a last and best, and will not be increased.

We look forward to promptly resolving this issue so that our respective clients can focus on other matters. Please let us know whether your client accepts the above terms.

Best,

**Patrick Reagin** | **Holland & Knight**
Partner
Holland & Knight LLP
1180 West Peachtree Street, NW, Suite 1800 | Atlanta, Georgia 30309
Phone 404.817.8433 | Mobile 504.460.5479
patrick.reagin@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.