# EXHIBIT 3

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| AMERICAN PROTEINS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 2:22-cv-00091-RWS |
| | ) | |
| v. | ) | |
| | ) | |
| RIVER VALLEY INGREDIENTS, INC.., et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**KOCH FOODS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO KOCH FOODS, INC.**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Koch Foods, Inc. ("**Koch**"), serves the following objections and responses to Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Koch ("**Subpoena**").

## PRELIMINARY STATEMENT

The Subpoena places an undue burden on Koch, a third party. Koch already responded to a similar subpoena from Plaintiffs in the related Delaware Litigation that Plaintiffs issued on or around October 10, 2022 (the "**Delaware Subpoena**"). In response, on December 5, 2022, Koch made a production of relevant documents (the "**Koch Delaware Production**"). Thereafter, on April 21, 2023, Plaintiffs served another subpoena on Koch, seeking information about the same transaction in the above-captioned case (the "**Litigation**" or the "**Action**"). Presumably, Plaintiffs have not completed party discovery in the Litigation—whether as to Plaintiffs reviewing and producing its own documents or receiving documents responsive to any discovery served on Defendants—and Koch understands that discovery does not close in the Litigation until January 19, 2024. (*See* Doc. 39, entered 12.21.2022 (setting discovery deadline); *see also* Doc. 43, entered 2.6.2023 ("**Protective Order**").)

1

Discovery in this case is in its early stages.  Koch should not be burdened with the undue (and disproportionate) burden of responding to Plaintiffs' extremely broad Subpoena before party discovery has completed.  *See, e.g., Bogus v. City of Birmingham, Alabama,* No. 2:17-CV-00827-TMP, 2019 WL 13268139, at *3 (N.D. Ala. Mar. 7, 2019)("A non-party should not be burdened with gathering and producing documents that can be obtained from a public source **or from one of the parties in the lawsuit**. . . [R]equiring a non-party to gather and produce them is an 'undue burden' on the non-party.") (emphasis added); *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (authorizing court to issue protective order if discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).  Without doing that basic step of completing party discovery, Plaintiffs cannot be said to have complied with Rule 45's specific mandate that they, as the party issuing the Subpoena, "must take reasonable steps to avoid imposing undue burden or expense on" Koch, as a third party.  Fed. R. Civ. P. 45(d)(1).  Koch reserves all rights to seek all remedies available to it under the *Federal Rules of Civil Procedure*.

## SPECIFIC RESPONSES AND OBJECTIONS

Based on the Objections Applicable to All Requests and Objections to Definitions and Instructions (separately and collectively, "**General Objections**"), set out below and each of which are incorporated by reference into the following specific responses and objections ("**Specific Objections**"), Koch responds to Plaintiffs' individual Requests as follows:

**Request No. 1:**

Transactional data, in a machine-readable form agreed upon by You and the Plaintiffs, for all transactions involving the sale of Raw Material Supply for poultry rendering from January 1, 2014, to the present.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making a production of responsive documents (the "**Koch Delaware Production**"), and

discovery in this Litigation is in its early stages. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of the Litigation.

Koch further objects that this Request is vague and ambiguous as to the meaning of the undefined terms "transactional data" and "transactions involving the sale" of Raw Material Supply. Construing the terms to mean data maintained in a database that reflects the aspects of the sale and payments for Raw Material Supply, Koch further objects that this Request is unduly burdensome and is not proportional because the financial data related to the sale of Raw Material Supply for poultry rendering, which was made to either the Plaintiffs or the Defendants, is equally available to Plaintiffs and Defendants. The historical relationship between Koch and the parties involving the sale of Raw Material Supply is in the possession and control of the Parties to the referenced transaction. In addition, collecting any such data from any other party, to the extent any exists, would be unduly burdensome and would not be relevant to the claims or defenses in the Litigation, nor proportional to the needs of the Litigation.

Koch objects to this Request to the extent that it seeks data to "the present" as not relevant to the claims or defenses in the Litigation, overly broad and unduly burdensome, and not proportional to the needs of the Litigation. The sale at issue was publicly known by at least May 15, 2018; data generated after that date is not relevant to the claims and defenses in the Litigation.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 2:**

Transactional data, in a machine-readable form agreed upon by You and Plaintiffs, for all transactions involving the purchase of Poultry Rendering Outputs from January 1, 2014, to the present.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware

3

Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages.  Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of the Litigation.

Koch also objects that this Request is vague and ambiguous as to the meaning of the undefined terms "transactional data" and "transactions involving the purchase of" Poultry Rendering Outputs. Construing the terms to mean data maintained in a database that reflects the aspects of the purchase of Poultry Rendering Output, Koch further objects that this Request is unduly burdensome and is not proportional because the financial data related to the purchase of Poultry Rendering Output, which was made to or from either the Plaintiffs or the Defendants, is equally available to Plaintiffs and Defendants.  The historical relationship between Koch and the parties involving the purchase of Poultry Rendering Output is in the possession and control of the Parties to the referenced transaction. In addition, collecting any such data from any other party, to the extent any exists, would be unduly burdensome and would not be relevant to the claims or defenses in the Litigation, nor proportional to the needs of the Litigation.

Koch objects to this Request to the extent that it seeks data to "the present" as not relevant to the claims or defenses in the Litigation, overly broad and unduly burdensome, and not proportional to the needs of the Litigation.  The sale at issue was publicly known by at least May 15, 2018; data generated after that date is not relevant to the claims and defenses in the Litigation.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 3:**

Lookup tables, data dictionaries, or glossaries for all coded fields in transactional data, including but not limited to all fields present in the lookup fields or data dictionaries relating to the transactional data specified in Request Nos. 1-2 from January 1, 2014, to the present.

**RESPONSE:**

Koch incorporates its responses to Requests Nos. 1 and 2 as if fully set forth herein.

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of the Litigation.

Koch also objects that this Request is vague and ambiguous as to the meaning of the undefined term "transactional data." Construing the terms to mean data maintained in a database that reflects the aspects of the sale of Raw Material Supply or purchase of Poultry Rendering Outputs, Koch further objects that this Request is unduly burdensome and is not proportional because the financial data related to the sale of Raw Material Supply or purchase of Poultry Rendering Outputs, which was made to or from either the Plaintiffs or the Defendants, is equally available to Plaintiffs and Defendants. The historical relationship between Koch and the parties involving the sale of Raw Material Supply or purchase of Poultry Rendering Outputs is in the possession and control of the Parties to the referenced transaction. In addition, collecting any such data from any other party, to the extent any exists, would be unduly burdensome and would not be relevant to the claims or defenses in the Litigation, nor proportional to the needs of the Litigation.

Koch objects to this Request to the extent that it seeks data to "the present" as not relevant to the claims or defenses in the Litigation, overly broad and unduly burdensome, and not proportional to the needs of the Litigation. The sale at issue was publicly known by at least May 15, 2018; data generated after that date is not relevant to the claims and defenses in the Litigation.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 4:**

5

Your internal and public annual, quarterly, and monthly financial statements, summaries, forecasts, business plans, budgets, and analyses concerning Raw Material Supply and Poultry Rendering Outputs, including profit and loss statements and comparisons to budget from January 1, 2014, to the present.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional.

Koch also objects to this Request as seeking information not relevant to the claims or defenses, overly broad and unduly burdensome, and not proportional to the needs of the Litigation. Koch is a privately owned company. Koch's financial data—on an "annual, quarterly, and monthly" basis— spanning for approximately the past ten years is extremely broad and burdensome. On its own terms, this request would require Koch to attempt locating among potentially voluminous records separate "financial statements, summaries, forecasts, business plans, budgets, and analyses" concerning Raw Material Supply and Poultry Rendering Outputs. This Request seeks to require an expansive search that has no relevance to the claims or defenses in the Litigation and is not proportional to the needs of the Litigation.

Koch further objects to this Request to the extent that it seeks documents to "the present" as not relevant to the claims or defenses in the Litigation, overly broad and unduly burdensome, and not proportional to the needs of the Litigation. The sale at issue was publicly known by at least May 15, 2018; information generated after that date is not relevant to the claims and defenses in the Litigation.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 5:**

All communications between You and Defendants.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and Litigation in this case is in its early stages. In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and Defendants relating to the sale of Raw Material Supply. Koch specifically objects that responsive documents would be in the possession of a party to the Litigation, *to wit*, Defendants. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of the Litigation.

By way of further explanation, this is a *per se* unreasonable request as it is an unbounded Request for "All communications" between Koch, on the one hand, and Defendants, on the other hand. This request, facially, would seek every communication for the time period January 1, 2012 through May 2023 (10+ years) on any subject, including those that have no relevance to the Litigation. As such, Koch objects to this Request as seeking communications not relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome, and not proportional to the needs of the Litigation.

Koch further objects to this Request to the extent that it seeks documents to "the present" as not relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome, and not proportional to the needs of the Action. (*See* Instructions, p. 7, at ¶ J.) The sale at issue was publicly known by at least May 15, 2018; documents exchanged or generated after that date would not be relevant to the claims and defenses in the above-captioned action.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 6:**

All communications between You and any other poultry processor, poultry renderer, or any other entity regarding the potential or actual acquisition and/or operation by Defendants of a rendering facility within the Market.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages.  In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and others relating to the sale of Raw Material Supply.  Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of this Litigation.

Koch objects that this Request is vague and ambiguous as to the meaning of the undefined terms "rendering facility."  Koch also objects to this Request as seeking communications that are overly broad and unduly burdensome, and not proportional to the needs of the Litigation, as the parameters of this expansive 10+ year search would span, on its face, the entirety of the Koch organization, including any "operation" of a "rendering facility" by Defendants during that time period within the "Market."  The burden is further unduly expanded given that Plaintiffs define "Market" to include, ambiguously, "Georgia, Alabama, north Florida, and south Tennessee."

Koch further objects to this Request to the extent that it seeks documents to "the present" as not relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome, and not proportional to the needs of the Action.  (*See* Instructions, p. 7, at ¶ J.)  The sale at issue was publicly known by at least May 15, 2018; documents exchanged or generated after that date would not be relevant to the claims and defenses in the above-captioned action.

Koch also objects to the extent this request is duplicative of Request No. 5. Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces

8

Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 7:**

All documents relating to any industry trade group or association meeting in which Plaintiffs were discussed between January 1, 2012, to present.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages.  In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and others relating to the sale of Raw Material Supply.  Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of this litigation.

Koch objects that this Request is vague and ambiguous as to the meaning of the undefined terms "industry trade group" and "association meeting."  Koch further objects that finding and producing any reference, explicit or implicit, about Plaintiffs at any meeting involving industry participants is overbroad and unduly burdensome, particularly considering the expansive 10+ year time period.  A fishing expedition for any such attenuated reference places an undue burden on Koch.

Koch objects to this Request to the extent that it seeks documents to "the present" as not relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome, and not proportional to the needs of the Action.  The sale at issue was publicly known by at least May 15, 2018; documents exchanged or generated after that date would not be relevant to the claims and defenses in the above-captioned action.

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 8:**

All internal and external communications related to Your contracts and related negotiations with Defendants.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages. In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and Defendants relating to the sale of Raw Material Supply. Koch specifically objects that responsive documents would be in the possession of a party to the Litigation, *to wit*, Defendants. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of this Litigation.

Koch further objects that this request is overly broad and unduly burdensome in that it seeks "contracts and related negotiations with Defendants" without any subject matter restrictions and for a 10+ year time period. This is facially overbroad, as Koch and Defendants may have other business relationships, such as the purchase of broiler meat for processing, that have no relevance to the Litigation. Koch objects to this unbounded, unlimited, and unduly burdensome Request.

Koch objects to this Request to the extent that it seeks documents to "the present" as not relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome, and not proportional to the needs of the Action. (*See* Instructions, p. 7, at ¶ J.) The sale at issue was

publicly known by at least May 15, 2018; documents exchanged or generated after that date would not be relevant to the claims and defenses in the above-captioned action.

Koch further objects to the extent this request is duplicative of Request No. 5 and 6.  Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 9:**

All documents reflecting internal or external communications regarding this Lawsuit.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages.  In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and others relating to the sale of Raw Material Supply.  Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of this Litigation.

Koch further objects that this Request is a fishing expedition on its face.  Seeking any communication, from any employee at Koch, that relates in any way to this "Lawsuit" is an unduly burdensome and overly broad Request that is not proportional to the needs of the case.

Koch objects to the Request to the extent it seeks information protected by the attorney client privilege and/or work product doctrine, including, but not limited to, those communications made in responding to the instant Requests or in making the Koch Delaware Production.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not

make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 10:**

All internal and external communications related to Your contracts and related negotiations with Plaintiffs, including but not limited to those related to Your decision to enter agreements with Defendants for the sale of Raw Material Supply and/or purchase of Poultry Rendering Output.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages. In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and Plaintiffs relating to the sale of Raw Material Supply. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional.

Koch further objects to the extent this request is duplicative of Requests No. 5, 6, and 8.

Koch also objects to the Request as unduly burdensome to the extent it seeks communications between Koch and Plaintiffs. This request is virtually unbounded in scope about the "internal and external communications" that relate to Koch's "contracts and related negotiations"—both of which phrases are ambiguous and vague—that could span any subject or issue, regardless of its relevance to the Litigation. Furthermore, Plaintiffs already are aware of, and likely possess, the exchanges between Koch and Plaintiffs and yet issue a broad and unbounded Request. This fact underscores the burden placed on Koch and lack of effort to reduce the burden on Koch by the Plaintiffs. This Request is also objectionable as overly broad to the extent it seeks documents in Defendants' possession.

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not

make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 11:**

All communications between You and any entity about Plaintiffs.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages.  In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and others relating to the sale of Raw Material Supply.  Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of the Litigation.

Koch also objects to the Request as unduly burdensome to the extent it seeks communications between Koch and any other "entity", including Defendants, "about Plaintiffs."  Koch objects that finding and producing any reference, explicit or implicit, about Plaintiffs in any communication with any other "entity" is overbroad and unduly burdensome, particularly considering the expansive 10+ year time period.  A fishing expedition for any such attenuated reference places an undue burden on Koch and could involve routine and standard communications about day-to-day running of the business.  Moreover, as to communications between Koch and Defendants, Plaintiffs can obtain that information from Defendants, who are parties to the Litigation.

Koch objects to this Request to the extent that it seeks documents to "the present" as not relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome, and not proportional to the needs of the Action.  (*See* Instructions, p. 7, at ¶ J.)  The sale at issue was publicly known by at least May 15, 2018; documents exchanged or generated after that date would not be relevant to the claims and defenses in the above-captioned action.

Koch objects to the extent this request is duplicative of Request Nos. 7 and 10.  Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 12:**

All internal and external communications regarding pricing and output volumes of Raw Material Supply and Poultry Rendering Output after Closing.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages.  In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and others relating to the sale of Raw Material Supply.  Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of the Litigation.

Koch objects to Request No. 12 as ambiguous and vague in that "pricing and output volumes" are not defined.  Koch further objects to the Request as unduly burdensome and overly broad.  This request seeks purports to seek "internal and external communications" related to "pricing and output volumes of Raw Material Supply and Poultry Rendering Output" for the period from Closing to the present.  This would require production, presumably, of standard documents created in the ordinary course of business that reflect any such information, which is not proportionate to the needs of the case and not relevant to the claims and defenses in the Litigation.  This Request is also objectionable as overly broad to the extent it seeks documents in Defendants' possession.

Koch objects to this Request to the extent that it seeks documents "after Closing" as not relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome, and not proportional to the needs of the Action. The sale at issue was publicly known by at least May 15, 2018; documents exchanged or generated after that date would not be relevant to the claims and defenses in the Litigation.

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 13:**

All documents reflecting contracts, agreements, purchase orders, or other arrangements of any kind between You and Plaintiffs from January 1, 2014, to Closing**.**

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages. In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and Plaintiffs relating to the sale of Raw Material Supply. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of the Litigation.

Koch objects that this Request is vague and ambiguous as to the meaning of the undefined term "arrangements of any kind," which is facially overbroad and unduly burdensome. Koch further objects to the Request as unduly burdensome to the extent it seeks documents between Koch and Plaintiffs considering the documents are within Plaintiffs' possession. Plaintiffs already are aware of,

and likely possess, the exchanges between Koch and Plaintiffs and yet issue a broad and unbounded Request.  This fact underscores the burden placed on Koch and lack of effort to reduce the burden on Koch by the Plaintiffs.

Koch objects to the extent this request is duplicative of Request No. 10.

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 14:**

All documents reflecting contracts, agreements, purchase orders, or other arrangements of any kind between You and Defendants from January 1, 2014, to the present.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages.  In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and Defendants relating to the sale of Raw Material Supply.  Koch specifically objects that responsive documents would be in the possession of a party to the Litigation, *to wit*, Defendants.  Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional.

Koch objects that this Request is vague and ambiguous as to the meaning of the undefined term "arrangements of any kind," which is facially overbroad and unduly burdensome.   Koch further objects that this request is overly broad and unduly burdensome in that it seeks "contracts, agreements, purchase orders, or other arrangements of any kind" without any subject matter restrictions and for a

10+ year time period.  This is facially overbroad, as Koch and Defendants may have other business

relationships, such as the purchase of broiler meat for processing, that have no relevance to the

Litigation.  Koch objects to this unbounded, unlimited, and unduly burdensome Request.

Koch objects to this Request to the extent that it seeks documents to "the present" as not

relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome,

and not proportional to the needs of the Action.  The sale at issue was publicly known by at least May

15, 2018; documents exchanged or generated after that date would not be relevant to the claims and

defenses in the above-captioned action.

Koch further objects to the extent this request is duplicative of Request No. 8.  Further to the

burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces

Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to

respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not

make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 15:**

All documents reflecting contracts, agreements, purchase orders, or other arrangements of any
kind between You and any Poultry Renderer other than Plaintiffs and Defendants from January 1,
2012, to the present.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware

Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early

stages.  In the Koch Delaware Production, documents have already been produced that were found

through searches for responsive and relevant communications between Koch and others relating to the

sale of Raw Material Supply.  Requiring Koch to respond to the new Requests imposes an undue

burden on Koch and is not proportional.

Koch objects that this Request is vague and ambiguous as to the meaning of the undefined term "Poultry Renderer" and "arrangements of any kind," which are facially overbroad and unduly burdensome. While "Poultry Renderer" is capitalized, it is not defined and is not subject to a standard or commonly understood definition. Koch further objects that this request is overly broad and unduly burdensome in that it seeks "contracts, agreements, purchase orders, or other arrangements of any kind" without any subject matter restrictions and for a 10+ year time period with "any Poultry Renderer." This is facially overbroad. Koch objects to this unbounded, unlimited, and unduly burdensome Request.

Koch objects to this Request to the extent that it seeks documents to "the present" as not relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome, and not proportional to the needs of the Action. The sale at issue was publicly known by at least May 15, 2018; documents exchanged or generated after that date would not be relevant to the claims and defenses in the above-captioned action.

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 16:**

All documents reflecting any internal communications You had, or assessments You performed, related to providing competitively sensitive information to Defendants as a renderer in the Market.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early

stages.  Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional to the needs of the Litigation to the needs of the Litigation.

Koch further objects that this Request is vague and ambiguous as to the meaning of the undefined terms "assessments" and "competitively sensitive information."  Koch objects that this Request is further vague and ambiguous to the extent it is incomprehensible, and it would not be possible to identify responsive documents based on the drafting of the Request.  Moreover, it is impossible to know how burdensome or broad Request No. 16 is based on the incomprehensibility of the Request; as such, Koch reserves its objections.  The burden is further unduly expanded given that Plaintiffs define "Market" to include "Georgia, Alabama, north Florida, and south Tennessee."

Koch objects to this Request to the extent that it seeks documents to "the present" as not relevant to the claims or defenses in the above-captioned action, overly broad and unduly burdensome, and not proportional to the needs of the Action.  The sale at issue was publicly known by at least May 15, 2018; documents exchanged or generated after that date would not be relevant to the claims and defenses in the above-captioned action.

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production.  Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 17:**

All documents reflecting Your rationale, intention, or motivation for entering into agreements with Defendants regarding Raw Material Supply and/or Poultry Rendering Output.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware

Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages. In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and Defendants relating to the sale of Raw Material Supply. Koch specifically objects that many such responsive documents would be in the possession of a party to the Litigation, *to wit*, Defendants. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional.

Koch objects that this Request is vague and ambiguous as to the meaning of the undefined terms "rationale," "intention," "motivation," and "agreements." Koch objects that this Request is further vague and ambiguous to the extent it is incomprehensible, and it would not be possible to identify responsive documents based on the drafting of the Request.

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 18:**

Any internal or external communications You had regarding Your rationale, intention, or motivation for entering into agreements with Defendants to sell Raw Material Supply and/or purchase Poultry Rendering Output.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages. In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and Defendants relating to the sale of Raw Material Supply. Koch specifically objects that many such responsive documents

would be in the possession of a party to the Litigation, *to wit*, Defendants. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional.

Koch objects that this Request is vague and ambiguous as to the meaning of the undefined terms "rationale," "intention," "motivation," and "agreements." Koch objects that this Request is further vague and ambiguous to the extent it is incomprehensible, and it would not be possible to identify responsive documents based on the drafting of the Request.

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 19:**

All documents concerning any research, report, survey, study, or analysis of pricing, price levels, output volumes, competitive conditions, or market conditions related to Raw Material Supply and Poultry Rendering Outputs from January 1, 2014, to the present.

**RESPONSE:**

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages. In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and Defendants relating to the sale of Raw Material Supply. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional.

Koch objects that this Request is vague and ambiguous as to the meaning of the undefined terms "competitive conditions" and "market conditions." Koch further objects that Request No. 19 is

overly broad and unduly burdensome in requesting a search for any "research, report, survey, study, or analysis" on broad subjects with no limitations for an approximate 10-year period.

Koch objects to the extent this request is duplicative of Requests No. 17 and 18.

Koch objects to this Request to the extent that it seeks documents to "the present" as not relevant to the claims or defenses in the Litigation, overly broad and unduly burdensome, and not proportional to the needs of the Litigation. The sale at issue was publicly known by at least May 15, 2018; documents exchanged or generated after that date would not be relevant to the claims and defenses in the Litigation. Koch objects that this Request is vague and ambiguous as to the meaning of the undefined terms "competitive conditions" and "output volumes."

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 20:**

All documents concerning any research, report, survey, study, or analysis of poultry processing waste disposal or sale options.

**RESPONSE**:

Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, producing the Koch Delaware Production, and discovery in this Litigation is in its early stages. In the Koch Delaware Production, documents have already been produced that were found through searches for responsive and relevant communications between Koch and Defendants relating to the sale of Raw Material Supply. Requiring Koch to respond to the new Requests imposes an undue burden on Koch and is not proportional.

Koch objects that this Request is vague and ambiguous as to the meaning of the undefined terms "poultry processing waste disposal" and "sale options," making this Request so vague and ambiguous as to be incomprehensible. Depending on the actual meaning and intent of the term "poultry processing waste disposal," this Request is almost certainly overly broad and unduly burdensome, and Koch reserves the right to so object.

Koch objects to the extent this request is duplicative of Requests No. 17, 18, and 19.

Further to the burden associated with this Request, Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch.

Based on the foregoing objections and Koch's General and Specific Objections, Koch will not make any supplemental production to the Koch Delaware Production in response to this request.

**Request No. 21:**

All documents You produced in the Delaware Litigation.

**RESPONSE:**

Koch will produce the Koch Delaware Production by way of a separate link sent to Plaintiffs and subject to the applicable protective order.

**OBJECTIONS APPLICABLE TO ALL REQUESTS AND OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Koch responds to the Requests without waiving these Objections Applicable to All Requests and Objections to Definitions and Instructions ("**Koch's General and Specific Objections**"), set forth below, which are incorporated into Koch's response to every individual Request as if fully set forth therein:

1.        Koch objects to the Requests, and the Instructions and Definitions, to the extent that they are cumulative or duplicative and to the extent that they seek documents that can be obtained from

some other source that is more convenient, less burdensome, and less expensive including documents equally or more readily available to Requesting Party from the opposing party in the Litigation, or from public sources.  As a nonparty, Koch must not be subject to the significant burden and expense of compliance before the Requesting Party has determined whether the opposing parties have possession, custody, or control of the information, and the Requesting Party has exhausted methods to obtain such information from a party or public source.  Koch has already responded to Plaintiffs' Subpoena Duces Tecum in the related Delaware Litigation, making the Koch Delaware Production. Requiring Koch to respond to the new Requests imposes an undue burden on Koch. Koch will not make any supplemental production to the Koch Delaware Production.

2.       Koch objects to the Requests, Definitions, and Instructions to the extent that they seek to impose requirements different from or beyond those set forth in the Federal Rules of Civil Procedure (the "**Rules**").

3.       Koch objects to the Definitions and Instructions and any directions, definitions, or instructions contained in the Requests, including without limitation the definition of "You," to the extent that they seek to impose an obligation to respond on behalf of any entity other than Koch.  These answers and objections are made on behalf of Koch, as defined herein, only and should not be construed as applicable to any other party, entity, or person unless otherwise stated.  Koch will respond to the Requests based only on information known to it and which is in its own possession, custody, or control, as required by the Rules, and based on a reasonable investigation done since receipt of the Subpoena.

4.       By responding to a Request with a defined term, Koch is not by implication agreeing with any of the Requesting Party's Definitions.

5.      Koch objects to the definition of the terms "Communicate" and "Communication(s)" on the grounds that it is overbroad, unduly burdensome, and seeks to impose obligations on Koch beyond those required by the applicable rules and law.

6.      Koch objects to the definition of the term "Concerning" on the grounds that it is overbroad, particularly as applied in each individual Request where it is used.

7.      Koch objects to the definition of the terms "relating," "related," and "which relate(s)" on the grounds that it is overbroad, particularly as applied in each individual Request where it is used.

8.      Koch objects to the defined terms that are defined in duplicate in the Subpoena, including "Communicate" or "Communication(s),"[1] "Delaware Litigation,"[2] "Plaintiffs,"[3] "Rendering Facilities," and "Poultry Rendering Facilities"[4] to the extent that they seek to impose a duty or obligation that is unclear.

9.      Koch objects to the defined terms that are defined by the Subpoena, but not used in the Subpoena, including "person" or "persons," "Rendering Facilities," "Asset Purchase Agreement," and "Poultry Rendering Facility" to the extent that they seek to impose a duty or obligation that is unclear.

10.     Koch objects to the term "Poultry Renderer," which is capitalized in the Subpoena, but is not defined in the Definitions and Instructions, and is not subject to a standard or commonly understood definition.

11.     Koch objects to the term "Raw Material Supply" as referring to "poultry materials supplied by any poultry processor to be used by a poultry renderer for any purpose."  This definition

---

[1]     "Communicate" or "Communication(s)" is defined in Definition 5 and Definition 8.
[2]     "Delaware Litigation" is defined in Definition 9 and Definition 19.
[3]     "Plaintiffs" is defined in Definition 4 and Definition 17.
[4]     "Rendering Facilities" is defined in Definition 13 and "Poultry Rendering Facilities" is defined in Definition 20. Both terms have substantially the same definition.

is vague and ambiguous in including numerous terms that are exceedingly broad and not capable of any standard or commonly understood meaning, such as "poultry materials" and "poultry renderer." The fact that Plaintiffs including the capitalized term "Poultry Renderer" in the Subpoena without definition demonstrates the vagueness of the term itself.

12.    Koch objects to the defined term "Market," which purports to be defined as "the poultry rendering market in Georgia, Alabama, north Florida, and south Tennessee" to the extent that "poultry rendering market" is not defined and not susceptible to a standard and understood definition, and that "north Florida" and "south Tennessee" are not known and understood geographic markets capable of a singular and standard definition.

13.    Koch objects to any time period, express or implied, including, but not limited to, Paragraph J of the Instructions, for documents dating before January 1, 2016, or after May 15, 2018 when the sale at issue was publicly known, as unduly burdensome and not proportional to the needs of the Litigation.  Documents exchanged or generated before or after that date would not be relevant to the claims and defenses in the Litigation.

14.    To the extent any Request inquires as to "All" communications, Koch objects to the Request being overly broad and burdensome.  Koch also objects to each Request to the extent that any Request purports to require Koch to provide documents that are not available to Koch through a reasonably diligent and good faith search.  Should Koch, based on good faith limitations to the Requests, commit to search for documents in response to any Request, Koch commits only to undertake a reasonably diligent and good faith search for responsive documents where they are reasonably likely to be found and to produce the non-privileged, responsive documents located by that search.

15.    Koch objects to Paragraphs A, E, and G of the Instructions, seeming to define "possession, custody or control," to the extent that it (a) is inconsistent with the foregoing objection

regarding a reasonably diligent and good faith search, or (b) purports to expand the requirements of the Rules.

16.    Koch objects to the extent that the Instructions: (a) call for documents that contain trade secrets or confidential and proprietary research, development, or commercial information that is not proportional to the needs of the case; and/or (c) call for documents that would not otherwise be covered under the terms of the Protective Order. Koch also objects to the Requests to the extent that they seek documents subject to confidentiality or nondisclosure agreements or similar protections. Koch will produce such confidential documents subject to the Protective Order.  Koch requests that all documents produced, which are labeled under the Protective Order, be treated in accordance with those protections.

17.    Koch objects to the extent that Requesting Party seeks information and documents that are outside the scope of the claims or defenses asserted in the operative pleadings.

18.    Koch objects to the Requests to the extent they seek documents or other information protected from disclosure by the attorney-client privilege, work-product doctrine, common interest privilege, or any other applicable privilege, protection, or immunity from discovery or disclosure. If any privileged document is produced by Koch, its production is inadvertent and does not constitute a waiver of any privilege or immunity. Such inadvertently produced documents should be promptly returned to Koch.  Should additional searches be required, Koch may require the entry of an Order of the Court pursuant to Rule 502(d) *Federal Rule of Evidence* covering the obligations of the Parties in the event of an inadvertent disclosure of privileged or protected materials, to the extent that the Parties have not so agreed upon such an order.

19.    Koch objects to each Request to the extent that it seeks ESI from sources that are not reasonably accessible because of undue burden or cost.

20.     Koch objects to the Requests to the extent that the Requests seek information that is not known or reasonably available to Koch. Koch's objections and responses are based on information and documents reasonably accessible to Koch and currently within its possession, custody, or control, and based on a reasonable investigation since the receipt of the Subpoena.

21.     Koch objects to the Requests to the extent they purport to require Koch to produce documents and/or things that do not already exist and/or call for information in a format that is not protected. The portions of the Subpoena that address form of production for Documents and ESI are found in Paragraph H of the Instructions ("documents that exist in electronic format shall be produced in the format in which they are maintained, including all meta-data"). Koch objects to the requested form of production ("in the format . . .maintained")(the "**Native File**") for numerous reasons: (a) the Native File's actual image cannot be branded on the face of the document pursuant to the Protective Order[5]; (b) a Native File does not facilitate labeling with Bates numbers the documents at issue on the face of the document, making it difficult to ensure that such documents are Koch produced documents in subsequent contexts; (c) emails, if produced in Native Format, can be accidentally forwarded or replied to; (d) Word documents can be manipulated if produced in Native Format; (e) it is not possible to produce redacted documents in Native Format; and (f) the native versions of most types of files does not have a meaningful difference in litigation usability from an image file. For form of production, Koch will follow best practices: (a) Koch will produce spreadsheets and audiovisual files in Native Format; and (b) Koch will produce all other documents in image format with a load file of metadata and extracted text. Koch requests, should additional searches be agreed upon, a clearer agreement on the format of production of ESI.

---

[5]     While the Protective Order allows, for ESI and documents, that Koch may designate the protection requested by "in the file or directory name" or in the "media," this designation would not be included on the face of any printed document (for instance, if it was used at a deposition) and unnecessarily increases the risk of misuse of Koch's confidential information.

22.     Koch reserves the right to modify, supplement, or amend any or all of the Objections

Applicable to All Requests or Responses, if necessary or appropriate, and to produce additional non-

privileged responsive documents if any are located. Moreover, any purported failure on Koch's part

to produce a particular document, or to set forth a particular legal argument, in response to any of

these Requests shall not constitute any waiver or forfeiture of Koch's right to identify or rely upon

additional relevant facts, documents and/or witnesses, or to make specific legal arguments.


Dated:  May 5, 2023

By:

Russell W. Gray (TNB No. 16120)
rgray@bakerdonelson.com
**BAKER DONELSON BEARMAN CALDWELL &
BERKOWITZ**
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
Telephone:  (423) 209-4218
Facsimile: (423) 752-9563

*Counsel for Koch Foods, Inc.*